Filed 4/14/15  P. v. Villa CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039675 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS060440) |
| v. | |
| MANUEL VILLA, | |
| Defendant and Appellant. | |

Defendant Manuel Villa, a "Three Strikes" prisoner who is serving an indeterminate life sentence, appeals from an order denying his petition for recall of his sentence pursuant to Penal Code section 1170.126.[1]  Defendant contends:  (1) reversal is required because he was deprived of his right to counsel as to the initial screening of his petition by the trial court to determine his eligibility for resentencing; and (2) the trial court erred in concluding that he was ineligible for resentencing.[2]  We find no error and affirm.

---

[1]    Our Supreme Court recently held that an order denying a petition for recall of a sentence because the defendant failed to meet the threshold eligibility requirement of Penal Code section 1170.126, subdivision (b) is appealable.  (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 597.)

[2]    Defendant has also filed a petition for writ of habeas corpus, which we will dispose of by separate order.

## I.  Three Strikes Reform Act of 2012

The Three Strikes Reform Act of 2012 (Act) amended Penal Code sections 667 and 1170.12[3] and added section 1170.126.  (*People v. Superior Court* (*Martinez*) (2014) 225 Cal.App.4th 979, 984.)  Under the previous version of the Three Strikes law, a defendant who had been convicted of two or more serious or violent felonies was subject to an indeterminate life sentence of 25 years to life after his or her conviction of any new felony.  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167 (*Yearwood*).)  The Act changed the Three Strikes law by reserving indeterminate life sentences for cases in which the new offense is also a serious or violent felony, unless the prosecutor pleads and proves an enumerated disqualifying factor.  (*Yearwood*, at p. 167.)  In all other cases, a recidivist defendant will be sentenced as a second strike offender instead of a third strike offender.  (*Yearwood*, at pp. 167-168.)  "The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety.  (§ 1170.126.)"  (*Yearwood*, at p. 168.)[4]

---

[3]      All further statutory references are to the Penal Code.

[4]      Defendant relies on *People v. Guinn* (1994) 28 Cal.App.4th 1130 (*Guinn*), *People v. Ybarra* (2008) 166 Cal.App.4th 1069 (*Ybarra*), and *People v. Murray* (2012) 203 Cal.App.4th 277 (*Murray*) to support his argument that the use of "shall"/"unless" language of section 1170.126 creates a presumption in favor of resentencing.  Concluding that the language of section 190.5 was unambiguous, *Guinn* held that the statute established a presumption of life without parole as the sentence for a 16- or 17-year-old who has been convicted of a special circumstance murder.  (*Guinn*, at pp. 1141-1142; accord *Ybarra*, at p. 1089; *Murray*, at p. 282.)  Section 190.5 provides that the penalty "shall be confinement in the state prison for life without possibility of parole or, at the discretion of the court, 25 years to life."  The California Supreme Court concluded that section 190.5 was ambiguous and adopted the construction that rendered it constitutional.  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1371-1373 (*Gutierrez*).)  Thus, *Gutierrez* disapproved *Guinn*, *Ybarra*, and *Murray*.  (*Gutierrez*, at pp. 1370, 1387.)

(*Continued*)

## II. Statement of the Case

In 2009, defendant was charged with, and a jury convicted him of, possession of a deadly weapon by a prisoner. (§ 4502, subd. (a).)[5] Defendant also admitted that he had three prior strike convictions. (§ 1170.12, subd. (c)(2).) The trial court denied defendant's motion to strike the prior strike convictions and sentenced him to 25 years to life in prison. This court affirmed the judgment of conviction.

On April 22, 2013, defendant filed a pro per petition for recall of his indeterminate life sentence pursuant to section 1170.126. Defendant argued that he was eligible for resentencing because neither his current offense nor his prior strike convictions disqualified him.

On May 6, 2013, the trial court denied the petition and stated: "After initial review of the petition and the case file, the court has determined that petitioner is not eligible for the relief requested under section 1170.126, subdivision (e)(2) because the record shows that he was armed with a deadly weapon during the commission of the newly convicted offense within the meaning of section 1170.126, subdivision (c)(2)(C)(iii) and section 667, subdivision (e)(2)(C)(iii)." The trial court based its conclusion on facts taken from the preliminary hearing transcript.

Defendant filed a timely notice of appeal which was subsequently amended.

---

Defendant argues that the language of section 1170.126, subdivision (f) is similar to section 190.5 and creates a presumption of resentencing. Section 1170.126, subdivision (f) provides in relevant part: "If the petitioner satisfies the [eligibility] criteria in subdivision (e), the petitioner *shall* be resentenced [as a second striker] *unless* the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f), italics added.) Here, as discussed, *infra*, defendant failed to satisfy the eligibility criteria in section 1170.126, subdivision (e), and thus we need not consider any issue regarding a statutory presumption.

[5] At defendant's request, this court has taken judicial notice of the record in *People v. Villa* (April 12, 2010, H034355) [nonpub. opn.] (*Villa I*).

### III. Statement of Facts

The following summary is taken from our unpublished opinion in *Villa I*. "At approximately 9:28 a.m. on May 25, 2006, Sergeant Paul Sullivan and other staff began releasing inmates from two buildings into the exercise yard at Salinas Valley State Prison. Sergeant Sullivan saw defendant and another inmate, Velez, attack two other inmates, Rodriguez and Gallegos. Defendant and Velez were Northerner gang members, and Rodriguez and Gallegos were Fresno Bulldog gang members. The four men fought with clenched fists. [¶] Sergeant Sullivan ordered the men to get down into a prone position, but they failed to comply. He then saw something drop from defendant's hand. Since Sergeant Sullivan was spraying the inmates with pepper spray, he was unable to immediately retrieve the object. As Velez and Gallegos were moving to a prone position, Sergeant Sullivan saw Velez throw an object. [¶] After the four inmates were handcuffed, Sergeant Sullivan retrieved the objects. The object dropped by defendant was a six-inch knife made of melted plastic with a sharpened point. In Sergeant Sullivan's opinion, the knife that defendant dropped could be used as a stabbing instrument capable of inflicting great bodily injury or death. There were no useable fingerprints on defendant's knife."

### IV. Discussion

Defendant contends that reversal is required, because he was deprived of his right to counsel when the trial court conducted the initial screening of his petition to determine his eligibility for resentencing under section 1170.126. He contends that since he had established "a prima facie case for resentencing under the provisions of section 1170.126 and the Reform Act, he was entitled to appointment of counsel as a matter of right."

"The Sixth Amendment right to the assistance of counsel applies at all critical stages of a criminal proceeding in which the substantial rights of a defendant are at stake. [Citation.]" (*People v. Crayton* (2002) 28 Cal.4th 346, 362.) Thus, a defendant is

4

entitled to the assistance of counsel at a sentencing hearing. (See *Gardner v. Florida* (1977) 430 U.S. 349, 358.) But the initial screening of the petition to determine eligibility for resentencing is not a sentencing hearing.

Relying on *People v. Shipman* (1965) 62 Cal.2d 226 (*Shipman*) and *In re Clark* (1993) 5 Cal.4th 750 (*Clark*), defendant argues that there is a right to counsel in postconviction challenges where a prima facie case for relief is made. *Shipman* held that a petitioner who has made a prima facie case for *coram nobis* relief is entitled to the appointment of counsel. (*Shipman*, at pp. 232-233.) *Clark* held that a petitioner who has made a prima facie case leading to issuance of an order to show cause as to the validity of a judgment is also entitled to the appointment of counsel. (*Clark*, at p. 780.) However, here, defendant failed to make a prima facie case that he satisfied the eligibility requirements for resentencing under the Act.

A prisoner's petition to recall his or her sentence must state "all of the currently charged felonies, which resulted in the [third strike life sentence]" and "all of the prior [strike] convictions." (§ 1170.126, subd. (d).) The trial court must then determine whether the prisoner has satisfied the requirements set forth in subdivision (e) of section 1170.126. (§ 1170.126, subd. (f).) A prisoner is eligible for resentencing if: (1) he or she is currently serving a third strike life term for conviction of a felony or felonies that are not defined as serious and/or violent felonies by section 667.5, subdivision (c) or section 1192.7, subdivision (c); (2) the "current sentence was not imposed for any of the offenses" listed in section 667, subdivision (e)(2)(C)(i)-(iii) or section 1170.12, subdivision (c)(2)(C)(i)-(iii); and (3) none of the prisoner's prior convictions are listed in section 667, subdivision (e)(2)(C)(iv) or section 1170.12, subdivision (c)(2)(C)(iv). (§ 1170.126, subd. (e).) If the prisoner has met these requirements, the trial court shall resentence him or her, "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Here, defendant's petition for recall of his sentence states that his conviction for possession of a deadly weapon by a prisoner resulted in the third strike life sentence and that he had multiple prior strike convictions. Possession of a deadly weapon by a prisoner is not defined as a serious and/or violent felony, and thus defendant satisfied the first eligibility requirement. As to the second requirement, defendant also alleged that "his current sentence was not imposed for any of the offenses appearing in section 667 (e)(2)(C) (i)-(iii) and section 1170.12(c)(2)(C)(i)-(iii)." However, his petition and the record of conviction established otherwise. As the trial court found, defendant was ineligible for resentencing, because "[d]uring the commission of the current offense, [he] . . . was armed with a . . . deadly weapon . . . ." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)[6]

"[A]rmed with a . . . deadly weapon" is not defined in either section 667 or section 1170.12. In interpreting a voter initiative such as the Act, we apply the same rules of construction employed for interpreting statutes. (*People v. Rizo* (2000) 22 Cal.4th 681, 685 (*Rizo*).) We first consider " 'the language of the statute, giving the words their ordinary meaning.' [Citation.]" (*Ibid.*) A person is armed when the weapon is " 'available for use, either offensively or defensively.' " (*People v. Pitto* (2008) 43 Cal.4th 228, 236; see also CALCRIM No. 3130.) In the recitation of facts in defendant's petition, he states that he and "another inmate [were] involved in a physical altercation involving two to four other inmates who all fought with clenched fists" at the prison when Sergeant Sullivan "allegedly" saw him drop a weapon. Defendant also points out that his fingerprints were not found on the weapon and he "was the only inmate to have suffered a knife wound – a small puncture wound to his left buttock – which was caused by a sharp object." Thus, defendant concedes in his petition that he was involved in a

---

[6]    Neither party raises any issue regarding the third eligibility requirement set forth in section 1170.126, subdivision (e)(3).

6

fight with other inmates and disputes only that he possessed a deadly weapon during the fight. However, defendant was convicted of possession of a deadly weapon, and the record of conviction establishes that he had this weapon available for offensive or defensive use during the fight. Based on this record, the trial court correctly found that defendant was armed with a deadly weapon when he committed the current offense.

Defendant now contends that he "was engaged in a fight prior to the weapon being discarded, and did not use the weapon, and, in fact, injured only himself with the weapon." However, evidence that defendant did not "use" the deadly weapon is not required to support a finding that he was "armed" with such a weapon.

Defendant next challenges the trial court's finding that he was ineligible for resentencing on the ground that the prosecutor failed to plead and prove that he was armed with a deadly weapon in the current offense.

This court recently held in *People v. Chubbuck* (2014) 231 Cal.App.4th 737 (*Chubbuck*), that a prosecutor is not required to plead and prove any of the disqualification factors set forth in section 1170.126. (*Chubbuck*, at p. 740.) *Chubbuck* agreed with the analysis in *People v. White* (2014) 223 Cal.App.4th 512 (*White*), *People v. Osuna* (2014) 225 Cal.App.4th 1020 (*Osuna*), *People v. Blakely* (2014) 225 Cal.App.4th 1042 (*Blakely*), *People v. Elder* (2014) 227 Cal.App.4th 1308, and *People v. Brimmer* (2014) 230 Cal.App.4th 782. (*Chubbuck*, at p. 745.) As in the present case, the defendant in *Chubbuck* argued that the statement of voter intent in section 1170.126, subdivision (a) made the procedural requirements of sections 667 and 1170.126 applicable to prisoners whose current offenses were committed after the Act became law. (*Chubbuck*, at p. 746.) *Chubbuck* pointed out that the Act "explicitly distinguishes between the procedures applicable to resentencing and the procedures applicable prospectively, to defendants who are being sentenced for a new offense," and rejected this argument. (*Chubbuck*, at p. 746.)

7

Defendant argues that his third strike sentence was not imposed for one of " 'the offenses appearing in . . . clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.' (§ 1170.126, subd. (e)(2)." Noting that clause (iii) describes "only a fact relating to an unspecified offense," that is, that "[d]uring the commission of the current offense, the defendant . . . was armed with a . . . deadly weapon," defendant claims that the provision can be construed as describing an "offense," only if it is read in conjunction with the pleading and proof language of section 1170.12, subdivision (c)(2)(C). *Chubbuck* found no merit to this argument: "While section 1170.126, subdivision (e)(2) 'expressly cross-references "clauses (i) to (iii), inclusive" of [sections] 667(e)(2)(C) and 1170.12(c)(2)(C), nothing in the language of section 1170.126(e)(2) or of any of the other subdivisions of section 1170.126 governing an inmate's petition for resentencing relief under the Reform Act references the plead-and-prove language.' " (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 747, quoting *White*, *supra*, 223 Cal.App.4th at pp. 526-527.)

Defendant also argues that "courts are obligated to construe any ambiguity in a penal statute in a manner which avoids constitutional problems" and thus "judicial factfinding in the present case about the nature of the 'current' conviction is constitutionally dubious." *Chubbuck* rejected this argument: "[W]e find no ambiguity as to whether section 1170.126, subdivision (e)(2) incorporates the pleading and proof requirements of section 1170.12, subdivision (c)(2)(C). As explained above, the Reform Act explicitly distinguishes between the procedures applicable to resentencing and the procedures applicable to defendants who are being sentenced for a new offense, and section 1170.126, subdivision (e)(2) only 'expressly cross-references "clauses (i) to (iii), inclusive" of [sections] 667(e)(2)(C) and 1170.12(c)(2)(C),' not any other provisions of those statutes. [Citation.]" (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 747.)

Defendant next argues that the Act should be broadly and liberally construed to promote its legislative goals to ensure that "the draconian penalty of 25 to life is reserved

only for defendants whose 'current conviction is for a violent or serious crime'" and to save taxpayers' money by cutting costs. Thus, he claims that "an interpretation of section 1170.126 which includes the 'pleading and proof' requirement for the resentencing exclusions clearly promotes the remedial goals of the initiative." *Chubbuck* also rejected this argument: "However, the goals of the Reform Act included ensuring that '"*dangerous criminals* serve their full sentences"'" (*Osuna*, *supra*, 225 Cal.App.4th at p. 1037), and the Reform Act explicitly included, as a factor disqualifying an inmate from resentencing, [those defendants who were armed with a deadly weapon]. . . . We are not persuaded that in order to effectuate the remedial purposes of the Reform Act, facts that disqualify an offense from resentencing eligibility must have been pleaded and proved in a prior proceeding, rather than determined by a judge at a resentencing eligibility proceeding. [¶] Although reducing sentences would save taxpayer money, we do not agree with defendant that this is a sufficient reason to impose a pleading and proof requirement on resentencing disqualification criteria. 'It is clear the electorate's intent was not to throw open the prison doors to *all* third strike offenders whose current convictions were not for serious or violent felonies, but only to those who were perceived as nondangerous or posing little or no risk to the public.'" (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 748, quoting *Osuna*, *supra*, 225 Cal.App.4th at p. 1038.)

Defendant urges this court to apply "the rule of lenity" to support his interpretation of section 1170.126, subdivision (e)(2). *Chubbuck* also considered this argument: "[T]he rule of lenity 'applies "'only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule.'" [Citation.]' [Citation.] As stated above, we find no ambiguity as to whether section 1170.126, subdivision (e)(2) incorporates the pleading and proof requirements of section 1170.12, subdivision (c)(2)(C)." (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 748.)

In sum, we agree with the analysis in *Chubbuck* and reject defendant's arguments.

9

Citing to *Apprendi v. New Jersey* (2000) 530 U.S. 466, defendant also contends that "[i]t is a fundamental principle of constitutional law that a sentence cannot be imposed for a particular aggravated crime or enhancement unless the facts giving rise to the aggravation or enhancement are pled and proven to a jury beyond a reasonable doubt, or admitted by the defendant." This argument was rejected in *Blakely*, *supra*, 225 Cal.App.4th 1042. *Blakely* reasoned: "A finding an inmate is not eligible for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather, it leaves him or her subject to the sentence originally imposed. In the case of a third strike offender such as defendant, that sentence is the indeterminate term of 25 years to life in prison that the trial court permissibly imposed at the time defendant was convicted of his current offense, 'solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. [Citations.]' [Citation.] The trial court's determination in the section 1170.126 proceeding that defendant was armed with a firearm during the commission of his current offense did not increase the penalty to which defendant was already subject, but instead disqualified defendant from an act of lenity on the part of the electorate to which defendant was not constitutionally entitled." (*Id.* at pp. 1061-1062.) We find the analysis of *Blakely* persuasive and reject defendant's contention.

Noting that the Act requires that a life sentence will be imposed if "[d]uring the commission of the current offense, the defendant . . . was armed with a . . . deadly weapon . . . ." (§ 1170.12, subd. (c)(2)(C)(iii)), defendant next contends that the phrase "during the commission of the current offense" "requires an additional, separate 'tethering' felony offense in order to be applicable." Defendant asserts that "[t]his conclusion flows from the Legislature's repeated use of the identical phrase, 'during the commission of the current offense,' in several enhancement statutes, and the settled construction of the meaning of this phrase by the courts."

However, defendant's citations to the arming enhancement statutes establish that the language is not identical, because these statutes use the phrase "in the commission of." (§ 12022, subd. (a)(1) [one year enhancement for any person "armed with a firearm in the commission of a felony or attempted felony . . . ."]; § 12022, subd. (b)(1) [one year enhancement where person "personally uses a deadly or dangerous weapon in the commission of a felony or attempted felony . . . ."]; and § 12022.5, subd. (a) [3, 4, or 10 year enhancement for person "who personally uses a firearm in the commission of a felony or attempted felony . . . ."].)  *Osuna*, *supra*, 225 Cal.App.4th 1020 explained the distinction.  "However, unlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional punishment to be imposed (italics added), the Act disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm '*during* the commission of' the current offense (italics added). 'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.'  [Citation.]  In other words, it requires a temporal nexus between the arming and the underlying felony, not a facilitative one.  The two are not the same. [Citation.]"  (*Osuna*, at p. 1032.)  "Since the Act uses the phrase '[d]uring the commission of the current offense,' and not in the commission of the current offense (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude the literal language of the Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm."  (*Ibid.*) Applying the analysis of *Osuna* to the present case, we conclude that the Act does not mandate exclusion for resentencing only where there is a separate tethering felony in which the defendant is armed with a deadly weapon.

## V.  Disposition

The order is affirmed.

11

                                             _____

                                             Mihara, J.

WE CONCUR:

_____

Premo, Acting P. J.

_____

Elia, J.