Filed 12/3/15 (unmodified opn. attached)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL ROMANOWSKI,<br><br>    Defendant and Appellant. | B263164<br><br>(Los Angeles County<br>Super. Ct. No. MA064403)<br><br>ORDER MODIFYING OPINION<br>AND DENYING PETITION FOR<br>REHEARING<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

The opinion herein, filed on November 13, 2015, is modified as follows:

1. On page 8, delete the last sentence in the first full paragraph and replace it with the following text:

We simply cannot ignore these clear commands.

2. On page 9, delete the first full paragraph and replace with the following text:

We recognize going forward our holding may mean many thefts under section 484e, subdivision (d) will be misdemeanors, given section 484e, subdivision (d) requires no proof of actual loss and valuing the mere acquisition and possession of access card information may be difficult. (*Molina, supra*, 120 Cal.App.4th at p. 516.)  But this result is not necessarily inconsistent with the language and intent of Proposition 47 to reduce nonserious, nonviolent theft offenses involving property valued at

less than $950 to misdemeanors. Constrained by the unambiguous language and clear purpose of Proposition 47, we must conclude section 490.2, subdivision (a) applies to theft of access card information under section 484e, subdivision (d).

3.      On page 9, delete footnote 2 and replace with the following text:

Appellant suggests the trial court's determination of the value of the property involved must be based on the record of conviction. We leave that issue for the trial court to address on remand. We also express no opinion on the applicable burdens of proof in any proceedings to establish the value of the property involved because those issues have not been raised by the parties or presented at this stage of the case.

There is no change in the judgment.

Respondent's petition for rehearing is denied.

_____

RUBIN, Acting P. J.                      FLIER, J.                      GRIMES, J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B263164 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA064403) |
| v. | |
| DANIEL ROMANOWSKI, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christopher G. Estes, Judge.  Reversed and remanded.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

On November 4, 2014, voters enacted Proposition 47, "The Safe Neighborhoods and Schools Act."  It was intended to "ensure that prison spending is focused on violent

and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) To that end, Proposition 47 reduced most possessory drug offenses and thefts of property valued at less than $950 to straight misdemeanors and created a process for persons currently serving felony sentences for those offenses to petition for resentencing for misdemeanors. (See Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act" (Aug. 2015) p. 6 (hereafter Couzens & Bigelow, Proposition 47).)

Of the many questions raised by Proposition 47's passage, we address this one: Did Proposition 47 reduce the offense of theft of access card information under Penal Code section 484e, subdivision (d)[1] to a misdemeanor, provided the theft involved property valued at less than $950? Recently, Division Three of the Fourth District and Division Six of this district answered in the negative. (*People v. Cuen* (Oct. 8, 2015, G051368) __ Cal.App.4th __ [2015 WL 6597437] (*Cuen*); *People v. Grayson* (2015) 241 Cal.App.4th 454 (*Grayson*).) Finding nothing in the statutes enacted or amended by Proposition 47 or the voters' intent behind the initiative to suggest theft of access card information should be treated any differently than other theft offenses subject to reduction under Proposition 47, we disagree with *Grayson* and *Cuen*. Because the trial court found Proposition 47 did not apply, we reverse and remand for the trial court to determine whether appellant's theft involved property valued at less than $950 in order to trigger the resentencing provisions of Proposition 47.

## PROCEDURAL BACKGROUND

On September 29, 2014, appellant Daniel Romanowski pled no contest to theft in violation of section 484e, subdivision (d) and admitted a prior prison term pursuant to section 667.5, subdivision (b). He was sentenced to four years in county jail, consisting of the upper term of three years for the theft and one year for the prison term

---

[1]     Undesignated statutory citations are to the Penal Code unless otherwise noted.

enhancement. On March 10, 2015, he filed a petition for resentencing pursuant to Proposition 47. The People opposed, arguing section 484e, subdivision (d) was akin to identity theft and not subject to Proposition 47. Appellant responded that a violation of section 484e, subdivision (d) is defined as grand theft and Proposition 47 defines all grand thefts involving property valued at less than $950 as misdemeanors, so Proposition 47 should apply. The court agreed with the People that section 484e, subdivision (d) was akin to identity theft under section 530.5, which was beyond the scope of Proposition 47. It therefore denied appellant's petition. Appellant timely appealed.

## DISCUSSION

As enacted by Proposition 47, section 1170.18 created a procedure by which eligible defendants currently serving felony sentences for certain drug possession and theft offenses may petition to recall their sentences and seek resentencing to reduce those offenses to misdemeanors. As one court succinctly explained it, "Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).) Subdivision (c) of section 1170.18 defines the term 'unreasonable risk of danger to public safety,' and subdivision (b) of the statute lists factors the court must consider in determining 'whether a new sentence would result in an unreasonable risk of danger to public safety.' (§ 1170.18, subds. (b), (c).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.)

This case requires us to determine the effect, if any, of Proposition 47 on the substantive offense of grand theft of access card information defined in section 484e, subdivision (d). Section 484e identifies four crimes involving access cards and access card information, three of which are deemed grand theft. Subdivision (d) provides, "Every person who acquires or retains possession of access card account information

3

with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, *is guilty of grand theft*." (§ 484e, subd. (d), italics added.)  Added by Proposition 47, section 490.2, subdivision (a) redefines all grand theft offenses as misdemeanors if they involve property valued at less than $950:  "Notwithstanding Section 487 [(defining grand theft)] or *any other provision of law defining grand theft*, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."  (Italics added.)

Our question is whether section 490.2, subdivision (a) applies to grand theft defined in section 484e, subdivision (d).  This is an issue of initiative interpretation, and we apply the same rules governing statutory interpretation.  (*People v. Canty* (2004) 32 Cal.4th 1266, 1276; *People v. Rizo* (2000) 22 Cal.4th 681, 685.)  "'"'Our role in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law.'"'"  (*Canty, supra*, at p. 1276.)  "Our first task is to examine the language of the statute enacted as an initiative, giving the words their usual, ordinary meaning." (*Ibid.*)  We must construe the language in the context of the statute as a whole and the overall statutory scheme.  (*Rizo, supra*, at p. 685.)  We also give "'significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose.'" (*Canty, supra*, at p. 1276.)  "If the language is clear and unambiguous, we follow the plain meaning of the measure."  (*Ibid.*)  However, that rule "'does not prohibit a court from determining whether the literal meaning of a measure comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute.'"  (*Ibid.*)  When the language of the initiative is ambiguous, "'we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'"  (*Rizo, supra*, at p. 685.)

The plain language of section 490.2, subdivision (a) supports the conclusion that theft of access card information in section 484e, subdivision (d) falls within Proposition 47.  The introductory clause to section 490.2, subdivision (a) is unambiguous and

4

unqualified: "[n]otwithstanding Section 487 or *any other provision of law defining grand theft,*" theft is a misdemeanor if it involves property valued at less than $950. Section 484e, subdivision (d) defines acquiring or retaining possession of access card information as grand theft. The legal syllogism is therefore straightforward: if grand theft involving property valued at less than $950 is a misdemeanor, and acquiring or retaining possession of access card information is defined as grand theft, then acquiring or retaining possession of access card information valued at less than $950 is a misdemeanor. Thus, by its plain terms, section 490.2, subdivision (a) reduces a violation of section 484e, subdivision (d) to a misdemeanor if it involves property valued at less than $950.

Even if we look beyond the language of section 490.2, subdivision (a) to voters' intent behind Proposition 47, we would reach the same conclusion. As noted above, the overall purpose of the initiative was to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) To achieve that end, the measure "[r]equire[s] misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, p. 70.) Theft of access card information under section 484e, subdivision (d) is one such nonserious, nonviolent theft offense, and applying section 490.2, subdivision (a) to reduce qualifying violations of section 484e, subdivision (d) certainly serves the purpose of reducing prison spending on nonviolent offenders.

In reaching the opposite conclusion, the court in *Grayson* pointed out that section 490.2 "focuses on the monetary value of the property taken" (*Grayson, supra*, 241 Cal.App.4th at p. 458) and refers to section 487, which provides that a theft is grand theft when "the money, labor, real or personal property taken is of a value exceeding nine hundred fifty dollars ($950)," with certain exceptions based on the type of property taken. According to the court, "both statutes presume a loss to the victim that can be quantified to assess whether the value of the money, labor or property taken exceeds the $950

5

threshold," whereas section 484e, subdivision (d) "does not contemplate such a loss." (*Grayson, supra*, at p. 459; see *Cuen, supra*, __ Cal.App.4th at p. __ [2015 WL 6597437, at p. *2].)

But the effect of section 490.2 plainly is *not* limited to—or even primarily focused on—grand thefts already defined by the value of the property taken. If it were, it would duplicate the many theft statutes, including section 487, subdivision (a), that already draw a line between grand and petty theft based on the value of the property taken. The language and purpose of section 490.2, subdivision (a), is broader: it covers *all* theft offenses, notwithstanding section 487 "or *any other provision of law defining grand theft*" (§ 490.2, subd. (a), italics added). Thus, it applies to those statutes defining grand theft based on the type of property taken, such as the theft of access card information in section 484e, subdivision (d). Even the court in *Grayson* recognized this concept by pointing out that the taking of items listed in the exceptions to section 487, subdivision (a), such as agricultural products, automobiles, and firearms, "is no longer considered grand theft based strictly upon their character." (*Grayson, supra*, 241 Cal.App.4th at p. 458.) Likewise, the Legislative Analyst explained Proposition 47 was intended to apply to these types of theft statutes: "Under current law, theft of property worth $950 or less is often charged as petty theft, which is a misdemeanor or an infraction. However, such crimes can sometimes be charged as grand theft, which is generally a wobbler. For example, a wobbler charge can occur if the crime involves the theft of certain property (such as cars) or if the offender has previously committed certain theft-related crimes. This measure would limit when theft of property of $950 or less can be charged as grand theft. Specifically, *such crimes would no longer be charged as grand theft solely because of the type of property involved* or because the defendant had previously committed certain theft-related crimes." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) analysis by Legislative Analyst, p. 35, italics added.)

Both respondent and the court in *Grayson* rely on the fact that section 484e, subdivision (d) punishes the acquisition and retention of access card information with the intent to use it fraudulently, but does not punish actual use of the information to acquire

6

property. (*Grayson, supra*, 241 Cal.App.4th at p. 459; *People v. Molina* (2004) 120 Cal.App.4th 507, 516 (*Molina*) ["The crime is possession of access card account information with a fraudulent intent. It does not require that the information actually be used or that the account of an innocent consumer actually be charged or billed."]; see Couzens & Bigelow, Proposition 47, at pp. 26-27 [noting that "[t]he focus of section 484e is on obtaining the access card information with the intent to use it" and suggesting § 490.2, subd. (a) would not apply because "there is no requirement that goods be actually acquired or attempted to be acquired; it punishes the theft of an access card with intent to use it"].) Instead, section 484g "makes it a *separate* crime for the defendant to actually use the access card or account information to 'obtain[] money, goods, services, or anything else of value.' [Citation.] Under this statute, if the value of the money, goods, services or anything else of value obtained by use of the access card or information exceeds $950 in any consecutive six-month period, the defendant is guilty of grand theft. [Citation.] Thus, a defendant who uses access card information to obtain goods valued at more than $950 may be charged with grand theft under both section 484e[, subdivision (d)] and section 484g. A defendant who uses the information to obtain goods worth $950 or less is subject to charges of grand theft under section 484e[, subdivision (d)] and petty theft under section 484g." (*Grayson, supra*, at p. 459.)

We fail to see how the existence of a separate crime for *use* of access card information has any impact on whether the electorate intended to bring the theft of access card information itself under the umbrella of Proposition 47. *Grayson* is correct that sections 484e, subdivision (d) and 484g punish separate crimes, but the inquiry into the value involved in each crime is different. Section 484g punishes the use of access card information as a felony when the value of the *goods obtained* exceeds $950. In contrast, when read in conjunction with section 490.2, subdivision (a), section 484e, subdivision (d) punishes the theft of access card information as a felony when the value of the access card information *itself* exceeds $950. We can easily conceive of situations in which that would be true, such as selling stolen access card information in a black market to individuals who would then acquire goods with it. Moreover, drawing a line between

7

felonies and misdemeanors based on the value of the access card information stolen is perfectly sensible—if the information for each account is valued at, say, $100 on the black market, then it is far more serious to steal access card information for hundreds of accounts worth thousands of dollars than it is to steal information for one account worth $100.

In any case, whatever the *elements* of a violation of section 484e, subdivision (d), the Legislature deemed the offense grand theft. (See *Molina, supra*, 120 Cal.App.4th at p. 519 ["Penal Code section 484e, subdivision (d) makes it grand theft to acquire account information with respect to an access card validly issued to another with the intent to defraud."]; *People v. Butler* (1996) 43 Cal.App.4th 1224, 1233.) The voters in turn reduced all grand thefts to misdemeanors if they involve property valued at less than $950. We simply cannot ignore these clear commands, even if it now requires the prosecution to prove the value of access card information under section 484e, subdivision (d).

Finally, respondent argues and *Grayson* concluded that the voters did not intend Proposition 47 to reduce some thefts of access card information to misdemeanors because it would undermine the consumer-protection purpose behind section 484e, subdivision (d). Section 484e, subdivision (d) is "part of a 'comprehensive statutory scheme which punishes a variety of fraudulent practices involving access cards'" (*Molina, supra*, 120 Cal.App.4th at p. 512), and it was designed to "provide broad protection to innocent consumers" (*id.* at p. 519). Respondent contends the voters must have understood section 484e, subdivision (d) broadly protects consumers, and there is no evidence they intended to "undercut" those protections by enacting section 490.2, subdivision (d). (See *In re Lance W.* (1985) 37 Cal.3d 873, 890, fn. 11 ["The adopting body is presumed to be aware of existing laws and judicial construction thereof . . . ."]; see *Grayson, supra*, 241 Cal.App.4th at pp. 459-460.) But we think the opposite conclusion is far more reasonable: Having been aware of the broad protection created by section 484e, subdivision (d), the voters nevertheless unambiguously directed that section 490.2, subdivision (a) would apply to all theft offenses "[n]otwithstanding . . . *any other*

8

*provision of law defining grand theft.*" (Italics added.) Had the voters intended to exempt grand theft under section 484e, subdivision (d) from section 490.2, subdivision (a), we think it would have done so expressly. And even if the competing interpretations of the voters' intent were equally plausible, the scales should tip in favor of Proposition 47, given the voters directed that Proposition 47 should be "broadly construed to accomplish its purposes" and "liberally construed to effectuate its purposes." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 15, 18, p. 74.)

We recognize our holding today has the potential to reduce most thefts under section 484e, subdivision (d) to misdemeanors, given section 484e, subdivision (d) requires no proof of actual loss and valuing the mere acquisition and possession of access card information may be difficult. (*Molina, supra*, 120 Cal.App.4th at p. 516.) But this result is not necessarily inconsistent with the language and intent of Proposition 47 to reduce nonserious, nonviolent theft offenses involving property valued at less than $950 to misdemeanors. Nor should our decision be interpreted to limit the prosecution's ability to prove the value of access card information exceeds $950. But constrained by the unambiguous language and clear purpose of Proposition 47, we must conclude section 490.2, subdivision (a) applies to theft of access card information under section 484e, subdivision (d).

Remand is required because the trial court did not decide whether appellant's theft involved property worth less than $950. "The trial court's decision on a section 1170.18 petition is inherently factual, requiring the trial court to determine whether the defendant meets the statutory criteria for relief," including whether the value of the property involved was less than $950. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 892.)[2] And even if the court determines appellant qualifies for resentencing, it must exercise its

---

[2]     Appellant suggests the trial court's determination of the value of property involved must be based on the record of conviction. We leave that issue for the trial court to address on remand.

discretion to determine whether resentencing appellant would "pose an unreasonable risk of danger to public safety."  (§ 1170.18, subd. (b); see *Contreras, supra*, at p. 892.)

## DISPOSITION

The judgment is reversed and the matter remanded for the trial court to determine whether the value of the property involved in appellant's conviction pursuant to section 484e, subdivision (d) did not exceed $950.  If appellant qualifies for resentencing, the trial court shall recall his sentence and resentence him pursuant to section 1170.18.


FLIER, J.

WE CONCUR:



RUBIN, Acting P. J.



GRIMES, J.

10