Opinion
 

 BROWN, J.
 

 In 1994, California voters adopted Proposition 187 in an effort to address the problem of illegal immigration. Section 113 of the Penal Code
 
 [1]
 
 —one of the provisions of Proposition 187—provides that “[a]ny person who manufactures, distributes or sells false documents to conceal the true citizenship or resident alien status of another person is guilty of a felony, and shall be punished by imprisonment in the state prison for five years or by a fine of seventy-five thousand dollars ($75,000).” We now consider whether factual impossibility precludes conviction under the initiative version of section 113 if the purchasers of the false documents are United States citizens.
 
 [2]
 
 We conclude it does not.
 

 
 *684
 
 Factual and Procedural Background
 

 Defendants Jose Rizo and Jose T. Macias were charged by information with willful and unlawful manufacture and sale of false government documents in violation of section 113. At trial, Officer Ben Meda testified that Rizo and Macias sold him false documents on two separate occasions. On the first occasion, Officer Meda purchased a counterfeit resident alien status card bearing his photograph and a counterfeit Social Security card. On the second occasion, Officer Meda purchased a counterfeit California identification card bearing the photograph of a fellow officer, George Molina. At the time of the purchases, both Officer Meda and Officer Molina were United States citizens. After the second sale, the police arrested Rizo and Macias. In a subsequent search of an apartment allegedly used by Rizo and Macias, the police discovered equipment and materials used to manufacture fraudulent government documents.
 

 At the close of the prosecution’s case, Rizo and Macias moved for a judgment of acquittal pursuant to section 1118.1. Based on the fact that Officers Meda and Molina were United States citizens, Rizo and Macias contended the prosecution failed to establish that the documents “concealed] the true citizenship or resident alien status of another person” as required by section 113. After the trial court denied the motion, the jury returned a guilty verdict.
 

 Rizo and Macias appealed. Although the Court of Appeal rejected most of their contentions, it vacated their “convictions based on the doctrine of factual impossibility” and directed the entry of “new judgments for attempted violations of section 113.” In doing so, the court concluded “it was factually impossible [for Rizo and Macias] to complete the crime because the documents were prepared for Officer Meda and a fellow officer, [both] of whom were United States citizens.” We granted review to determine whether it is factually impossible for a defendant to violate section 113 if he manufactures counterfeit government documents and sells them to persons who are United States citizens. We conclude it is not.
 

 Discussion
 

 When determining whether the commission of a crime is factually impossible, we do not concern ourselves “with the niceties of distinction
 
 *685
 
 between physical and legal impossibility . . . .”
 
 (People
 
 v.
 
 Meyers
 
 (1963) 213 Cal.App.2d 518, 523 [28 Cal.Rptr. 753].) Instead, we focus on the elements of the crime and the intent of the defendant. Where a defendant has the requisite criminal intent but “elements of the substantive crime [are] lacking” due to “circumstances unknown” to him, he can only be convicted of attempt—and not the substantive crime itself.
 
 (People
 
 v.
 
 Rojas
 
 (1961) 55 Cal.2d 252, 257-258 [10 Cal.Rptr. 465, 358 P.2d 921, 85 A.L.R.2d 252] [because the property was not actually stolen, defendants were guilty of attempted receipt of stolen property]; see also
 
 People
 
 v.
 
 Camodeca
 
 (1959) 52 Cal.2d 142, 147 [338 P.2d 903] [because the victim was not deceived by and did not rely on the false representations, defendant was guilty of attempted grand theft by false pretenses].) If, however, the evidence at trial is sufficient to establish
 
 all
 
 elements of the crime, then the defendant may be found guilty of the substantive crime. (See
 
 People v. Braz
 
 (1997) 57 Cal.App.4th 1, 7-8 [66 Cal.Rptr.2d 553].)
 

 In this case, the parties agree that defendants are, at a minimum, guilty of an attempted violation of section 113, but dispute whether they can be found guilty of the substantive offense. Defendants contend that an element of the offense is lacking because the counterfeit government documents they sold did not conceal the immigration or citizenship status of the purchasers, who were, in fact, United States citizens. The People counter that the citizenship of the purchasers is immaterial; only defendants’ acts and intent are relevant..We agree with the People and conclude that section 113 does not make the acts, intent or status of the intended recipient of the false documents an element of the offense.
 

 Enacted in 1994 as part of Proposition 187, section 113 makes the manufacture, distribution or sale of “false documents to conceal the true citizenship or resident alien status of another person” a felony. (Ballot Pamp., Gen. Elec. (Nov. 8, 1994) text of Prop. 187, p. 91 (Ballot Pamphlet).) In interpreting a voter initiative like Proposition 187, we apply the same principles that govern statutory construction. (See
 
 Horwich v. Superior Court
 
 (1999) 21 Cal.4th 272, 276 [87 Cal.Rptr.2d 222, 980 P.2d 927]
 
 (Horwich).)
 
 Thus, “we turn first to the language of the statute, giving the words their ordinary meaning.”
 
 (People v. Birkett
 
 (1999) 21 Cal.4th 226, 231 [87 Cal.Rptr.2d 205, 980 P.2d 912]
 
 (Birkett).)
 
 The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme.
 
 (Horwich, supra,
 
 21 Cal.4th at p. 276.) When the language is ambiguous, “we refer to other indicia of the voters’ intent, particularly the analyses and arguments contained in the official ballot pamphlet.”
 
 (Birkett, supra,
 
 21 Cal.4th at p. 243.) If a penal statute is still reasonably susceptible to multiple constructions, then we ordinarily adopt the “ ‘construction which
 
 *686
 
 is more favorable to the offender . . . .’ ”
 
 (People v. Davis
 
 (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186].)
 

 As an initial matter, we find that section 113 is a specific intent crime because it not only specifies a proscribed act but also refers to an “intent to . . . achieve some additional consequence”—the concealment of another’s true citizenship or resident alien status.
 
 (People v. Hood
 
 (1969) 1 Cal.3d 444, 457 [82 Cal.Rptr. 618, 462 P.2d 370]; see also
 
 People
 
 v.
 
 McDaniel
 
 (1994) 22 Cal.App.4th 278, 284 [27 Cal.Rptr.2d 306] [“when the end in view looks to a further consequence of the.act, the intent is specific”]; see also
 
 People v. Bustamante
 
 (1997) 57 Cal.App.4th 693, 700, fn. 6 [67 Cal.Rptr.2d 295] [§ 113 should be a specific intent crime].) In light of this finding, the statutory language reveals two elements to the crime: (1) the manufacture, distribution or sale of “false documents”; and (2) the intent “to conceal the true citizenship or resident alien status of another person.” (§ 113.)
 

 Thus, section 113, by its terms, focuses
 
 solely
 
 on the acts and intent of the violator. In fact, the absence of any statutory reference to the acts or intent of the recipient of the false documents strongly suggests that nothing from the recipient is necessary to complete the offense. (Cf.
 
 People
 
 v.
 
 Brigham
 
 (1945) 72 Cal.App.2d 1, 6-7 [163 P.2d 891] [the failure of § 68 to refer to any acts by the victim of a bribe-seeker means that “[n]o action on the part of the victim, such as payment, delivery or otherwise, is necessary to complete the offense”].) The inclusion of manufacturing among the proscribed activities bolsters this conclusion because the act of manufacturing does not assume the existence of an identifiable recipient.
 

 The Ballot Pamphlet does not alter our conclusion.
 
 [3]
 
 The pamphlet merely states that the initiative “[m]akes it a felony to manufacture, distribute, sell or use false citizenship or residence documents” (Ballot Pamp.,
 
 supra,
 
 summary of Prop. 187 by Atty. Gen., p. 50), and “creates two new state felonies for manufacture or use of false documents to conceal true immigration or citizenship status” (Ballot Pamp.,
 
 supra,
 
 analysis of Prop. 187 by Legis. Analyst, p. 52). It does not state that the initiative only proscribes the manufacture or sale of false documents that
 
 actually
 
 conceal the immigration or citizenship status of another person. Indeed, our interpretation, which creates a greater deterrent to prospective suppliers of false government documents and bolsters a federal enforcement scheme heavily dependent on
 
 *687
 
 the use of legitimate documents, is more faithful to the overarching purpose behind Proposition 187: to reduce the burden on state resources caused by illegal immigrants. (See Ballot Pamp.,
 
 supra,
 
 text of Prop. 187, § 1, p. 91.)
 

 The rule against interpreting statutory language “in a manner that would render some part of the statute surplusage” also does not support a different interpretation.
 
 (People v. Cruz
 
 (1996) 13 Cal.4th 764, 782 [55 Cal.Rptr.2d 117, 919 P.2d 731].) This rule is only a “guide[] and will not be used to defeat legislative intent” or “provide an absurd result.”
 
 (Id.
 
 at pp. 782-783.) Our interpretation of section 113, at most, makes the statutory term “true” a minor redundancy without defeating the intent of the voters. In contrast, defendants’ interpretation contravenes voter intent by disregarding the syntax of the statute. If California voters wished to make the citizenship of the recipient an element of the crime, they could have enacted a statute prohibiting the manufacture, distribution or sale of “false documents” that— rather than “to”—“conceal the true citizenship or resident alien status of another person.” (§ 113, italics added.) Thus, our interpretation is more consistent with voter intent despite the minor redundancy.
 

 Finally, section 114—enacted by Proposition 187 as the counterpart to section 113—does not dictate a contrary result. Section 114 states in relevant part that “[a]ny person who uses false documents to conceal his or her true citizenship or resident alien status is guilty of a felony . . . .” Although section 114 contains much of the same language as section 113, the need to harmonize this language does not mandate the adoption of defendants’ interpretation of section 113. Indeed, our interpretation properly harmonizes these statutes by creating a complementary penal scheme. Under our interpretation, section 114 addresses the customer and prohibits the use of false documents with the intent to conceal one’s immigration or citizenship status. Section 113 then complements section 114 by addressing the supplier and prohibits the manufacture, distribution or sale of false documents with the intent to conceal another’s immigration or citizenship status.
 

 The cases cited by defendants are inapposite. All of the cited cases construe penal statutes criminalizing acts that are
 
 ordinarily
 
 lawful
 
 but for
 
 the unlawful act, intent or status of the intended beneficiary of that act. (See, e.g.,
 
 People v. Costa
 
 (1991) 1 Cal.App.4th 1201, 1205-1206 [2 Cal.Rptr.2d 720]
 
 (Costa)
 
 [construing Health & Saf. Code, § 11366.5, subd. (a), which criminalizes the renting or leasing of one’s property based, in part, on the unlawful acts or intent of the renter or lessee];
 
 People v. Meyer
 
 (1985) 169 Cal.App.3d 496, 501 [215 Cal.Rptr. 352]
 
 (Meyer)
 
 [construing Health & Saf. Code, § 11104, which criminalizes the sale of certain legal substances based, in part, on the unlawful acts or intent of the purchaser];
 
 United States
 
 v.
 
 *688
 

 Medina-Garcia
 
 (1st Cir. 1990) 918 F.2d 4, 7-8
 
 (Medina-Garcia)
 
 [construing 8 U.S.C. former § 1324(a)(1)(B), now § 1324(a)(1)(A)(ii), which proscribes the transport of a person within the United States based on the unlawful presence of that person in the United States].) As such, these statutes contemplate an identifiable beneficiary and expressly include the unlawful act, intent or status of that beneficiary as an element of the crime. (See, e.g., Health & Saf. Code, § 11366.5, subd. (a) [prohibiting the provision of premises to other persons who unlawfully manufacture, store or distribute “any controlled substance
 
 for sale or
 
 distribution” (italics added)]; Health & Saf. Code, § 11104 [prohibiting the sale of certain substances “with knowledge or the intent that
 
 the recipient will use the substance to unlawfully manufacture a controlled
 
 substance” (italics added)]; 8 U.S.C. § 1324(a)(1)(A)(ii) [prohibiting the transport of an alien “in furtherance” of the alien’s unlawful entry into or presence in the United States].) Consistent with the applicable statutory language, the courts in each of these cases concluded that the unlawful act, intent or status of the beneficiary was an element of the crime. (See
 
 Costa, supra,
 
 1 Cal.App.4th at p. 1208 [renter or lessee must intend to manufacture illegal drugs on the premises];
 
 Meyer, supra,
 
 169 Cal.App.3d at p. 505 [purchaser must intend to use the substances to manufacture illegal drugs];
 
 Medina-Garcia, supra,
 
 918 F.2d at p. 8 [transported person must be in the United States illegally].)
 

 In contrast, section 113 criminalizes the manufacture, sale or distribution of “false documents”—an act that is not ordinarily lawful. (See, e.g., §§ 483.5, 529a, 529.5; Bus. & Prof. Code, § 22430; Unemp. Ins. Code, § 2121; Veh. Code, § 4463.) Thus, the criminality of this act does not have to depend on the existence of an identifiable beneficiary or the unlawful act, intent or status of that beneficiary. (Cf.
 
 People v. Coria
 
 (1999) 21 Cal.4th 868, 880 [89 Cal.Rptr.2d 650, 985 P.2d 970] [using the distinction between “ ‘traditionally lawful’ ” and unlawful acts to justify the inclusion of a mens rea requirement].) The statutory language of section 113 reflects this distinction. Unlike the statutes in the cases cited by defendants, section 113 only refers to the acts and intent of the violator; it does not expressly or impliedly make the act, intent or status of the recipient of the false documents an element of the crime. Because neither the statutory language nor the nature of the proscribed act supports the addition of such an element, we will not rewrite section 113 to include it. (See
 
 People v. Garcia
 
 (1999) 21 Cal.4th 1, 6 [87 Cal.Rptr.2d 114, 980 P.2d 829] [refusing to rewrite a statute unless it is “compelled by necessity and supported by firm evidence of the drafters’ true intent”].) Accordingly, we see no ambiguities in the statutory language and hold that the immigration or citizenship status of the intended recipient is not an element of the crime.
 

 
 *689
 
 Disposition
 

 We reverse the judgment of the Court of Appeal and remand the case for further proceedings consistent with this opinion.
 

 George, C. J., Mosk, J., Kennard, J., Baxter, J., Werdegar, J., and Chin, J., concurred.
 

 [1]
 

 A11 further statutory references are to the Penal Code unless otherwise stated.
 

 [2]
 

 Just before the passage of Proposition 187, the Legislature enacted a misdemeanor version of section 113, which stated in relevant part: “Any person who manufactures or sells any false government document with the intent to conceal the true citizenship or resident alien status of another person is guilty of a misdemeanor and shall be punished by imprisonment in a county
 
 *684
 
 jail for one year.” (Stats. 1994, 1st Ex. Sess. 1993-1994, ch. 17, § 1.) Because none of the parties contend that the misdemeanor version applies, we only address the felony initiative version of the statute.
 

 All further references to section 113 are to the felony initiative version unless otherwise stated.
 

 [3]
 

 In interpreting the initiative version of section 113, we do not consider the legislative version because this information was not presented to the voters. (See
 
 Horwich, supra,
 
 21 Cal.4th at p. 277, fn. 4.)