Filed 1/6/15

**CERTIFIED FOR PUBLICATION**


**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
| Petitioner, | E060260 |
| v. | (Super.Ct.No. RIF076640) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| MICHAEL DEONTRAY WILLIAMS, | |
| Real Party in Interest. | |


ORIGINAL PROCEEDINGS; petition for writ of mandate and/or prohibition. Michele Levine, Judge. Petition granted.

Paul E. Zellerbach, District Attorney, and Emily R. Hanks, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

1

Steven L. Harmon, Public Defender, and William A. Meronek, Deputy Public Defender, for Real Party in Interest.

Under the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)) (the Act), "prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction."  (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1286.)  If certain criteria are met, the inmate shall be resentenced "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (Pen. Code, § 1170.126, subd. (f).)  Although the superior court in the instant case opined that real party in interest, the inmate Michael Deontray Williams (Williams), currently poses an unreasonable risk of danger, it held his petition to recall his sentence in abeyance to give him an opportunity to take programs in prison in order to demonstrate to the court that he no longer posed a danger to public safety.

The People have filed this petition for writ of mandate and/or prohibition challenging the superior court's order on the ground that it acted in excess of its jurisdiction.  We agree that the superior court acted without statutory authority; accordingly, we grant the People's petition and direct the superior court to deny the inmate's petition for resentencing.

2

## FACTUAL AND PROCEDURAL BACKGROUND

Williams was convicted in 1998 of being a felon in possession of a firearm. He admitted that he had previously suffered two strike priors (Pen. Code, § 667, subds. (c) & (e))[1] and a prison prior (§ 667.5, subd. (b)). Following the denial of his request to dismiss one of his strikes pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, Williams was sentenced to a term of 25 years to life.

In January 2013, Williams filed a petition in the superior court for resentencing under the Act.

The People filed opposition, arguing that he was not eligible because he was armed with a firearm during the commission of the offense. Even if eligible, they argued he posed an unreasonable danger to public safety under section 1170.126, subdivision (f). Both of his strike convictions were for assaults and the People argued that Williams is a violent person who carried out the attacks for the benefit of a gang and that he had been free from custody for only a short time before he committed the current offense. The People also noted that Williams has been guilty of serious misconduct in prison, including mutual combat, battery on a peace officer, battery on an inmate, resisting staff by force, and possession of deadly weapons.

The trial court recounted Williams' criminal history. One of his prior strike convictions, case No. CR47157, involved three separate assaults and a robbery occurring

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

on August 29, November 13, and November 20, 1992. Williams was a member of the Westside Project Crips, and he admitted the special gang allegations.

In another case, case No. CR48829, Williams was again convicted of assault when he and fellow gang members stabbed, beat, kicked, and robbed the victim in retaliation for a stabbing carried out by a rival gang. They decided to carry out the attacks on April 29 because it was the day of the Rodney King verdict, and he thought the police would be too busy to catch them.

While the superior court expressly did not consider several incidents that were not proven, his prison disciplinary history shows that Williams has continued to commit numerous prison rule violations over the course of his incarceration, including several for mutual combat. Williams took issue with other violations, including one for battery on a peace officer and resisting staff with the use of force. He was transferred to Pelican Bay State Prison and housed at the maximum custody level. After his transfer, he was placed in Administrative Segregation.

The court also noted that Williams has a history of mental health problems, including several suicide attempts, but opined that these attempts were not something she viewed as a negative since they occurred before he received a diagnosis and treatment.

At the conclusion of the resentencing hearing on November 15, 2013, the court stated that if it had to rule on the petition that day, it would have to affirm the 25-year-to-life sentence because it would have to find he was still a danger. But the court indicated that it could hold the petition in abeyance and hear it in a year, and have the inmate spend

4

"one more year in custody, and hear at that time whether or not I believe you will provide this Court with information that satisfies me" that petitioner was no longer a danger to society. "But I can't make a determination of that at this time based on the information that I have."

The prosecutor objected to the continuance, stating that was not something that the Court has the jurisdiction to do. The minute order reflects that the superior court denied the petition "without prejudice at this time and is to be heard by the court one year from now."

DISCUSSION

Under the Act, a defendant convicted of two prior serious or violent felonies is subject to the 25-year-to-life sentence only if the third felony is itself a serious or violent felony. If the third felony is not a serious or violent felony, the defendant will receive a sentence as though the defendant had only one prior serious or violent felony conviction, and is therefore a second strike, rather than a third-strike offender. The Act also provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction that was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction. According to the specific language of the Act, however, a current inmate is not entitled to resentencing if it would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).) In exercising its discretion, the court may consider the inmate's criminal history, his

5

disciplinary record while incarcerated, as well as any other evidence relevant to the issue. (§ 1170.126, subd. (g).)

Williams contends by allowing the court to exercise its discretion and consider any relevant evidence to determine an inmate's current dangerousness, section 1170.126, subdivisions (f) and (g), clearly authorizes a court to continue a hearing on a resentencing petition where it believes that the passage of time will assist it in making a fair and accurate determination of an inmate's dangerousness. In other words, since future dangerousness is the issue, the court has the discretion to continue the matter to assess the risk factor. Thus, in his view, the risk he posed at the time of the hearing November 15, 2013, would not fairly and accurately reflect current dangerousness two years down the road. Why not four years or more down the road? Interestingly, Williams cites a parole suitability case, *In re Lawrence* (2008) 44 Cal.4th 1181, to support this point. The crucial distinction is that the parole board can find an inmate serving a life term unsuitable for parole but rehears the matter within a certain time to assess his behavior in prison, among other factors, to determine his dangerousness. There is no such provision for reevaluation in the Act. While the court must make an assessment of the risk of danger an inmate will pose in the future, it does not follow that the court may defer making that determination until some indefinite time in the future. As the People point out, every day trial courts are required to make discretionary sentencing decisions based on its assessment of a defendant's future behavior, but it does not mean they can revisit that decision throughout an inmate's period of incarceration.

6

In interpreting a voter initiative, we apply the same principles that govern statutory construction, first giving the words of the statute their ordinary meaning. We must also keep in mind that the statutory language must be construed in the context of the statute as a whole and the overall statutory scheme. (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) Nothing contained in the plain language of the Act expressly authorizes a court to continue or hold in abeyance a petition for resentencing for the purpose of reexamining the inmate's dangerousness. When we examine the procedural framework of the Act, we reach the exact opposite conclusion. It authorizes an inmate to file a single resentencing petition within two years of its effective date, November 7, 2012. These limitations indicate an intent to resolve these petitions within a finite time period. The plain statutory language provides that the court "shall" determine eligibility and "shall" resentence the inmate unless it determines resentencing the petitioner will pose an unreasonable risk of danger to public safety. This language indicates a duty by the court to make these determinations. The drafters of the Act could have created a statutory scheme to allow the court to retain jurisdiction to reevaluate the danger posed periodically or at some future time. They did not do so.

Even when the language of the statute is susceptible of more than one reasonable interpretation, we may " 'refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' [Citation.]" (*People v. Rizo*, *supra*, 22 Cal.4th at p. 685.) In this case, the voter information guide indicates that the measure will result in a one-time cost related to handling the sentencing petitions—

7

not periodic evaluations to review an inmate's fitness for resentencing and possible release. (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) analysis of Prop. 36 by Legis. Analyst, p. 50.)

A court acts in excess of its jurisdiction where, though it has jurisdiction over the subject matter and the parties, it has no power to act "except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288.) The trial court's order in this matter exceeded its statutory authority, assuming unto itself the authority of a parole board to evaluate and reevaluate the danger Williams posed.

Williams contends that the trial court had inherent authority to grant continuances. We do not disagree that, as the court did several times in this case, the court has authority to continue proceedings to obtain records, transport the inmate, accommodate counsel, etc, but this order was not made so that it could control its calendar and conduct a full hearing on the matter. Instead, the court ordered the matter in abeyance for the express purpose of determining whether Williams no longer poses a danger to society. It informed Williams that he was to do certain tasks, including continuing programming and mental health treatment in order to convince it that he was no longer a danger. The court does not have inherent authority to grant a continuance for whatever length of time it deems appropriate to reevaluate the inmate's dangerousness.

We do not believe that it is particularly significant that the trial court characterized its order as holding the matter "in abeyance," rather than as a continuance. We also note

8

that the court indicated that it was denying the petition without prejudice with the opportunity to have the same petition heard by it in one year's time. The minute order confirms the petition was denied without prejudice but scheduled a new hearing on November 14, 2014.[2] What is important is that the court declined to rule on the petition for resentencing at that time, stating that it wanted to have Williams spend "one more year in custody, and hear at that time whether or not I believe you will provide this Court with information that satisfies me that you're no longer a danger to society."

Williams chose when to file the petition—he could have waited until November 6, 2014, to file it in order to clean up his act. While it is true that section 1170.126, subdivision (b), does provide that a petition for recall may be made within two years after the effective date of the Act or at a later date upon showing of good cause, but the trial court did not purport to act under this subdivision. Moreover, we question whether the fact that a court has the power to find good cause to excuse a late petition authorizes it to defer ruling so that it can monitor subsequent conduct. In this case, the court opined that if it had to rule immediately, it would find Williams was a danger.[3] We must conclude

---

[2] We note that this date is outside the two-year window established in the act for filing a petition. It appears that the trial court may have believed it could continue ruling for a year because that was within the two-year window. Even if the new hearing had been scheduled within this two-year window, we would still have to conclude that the trial court exceeded its statutory authority; we believe the trial court exceeded its statutory authority by delaying a ruling for a year in order to reevaluate his behavior during that time.

[3] During oral argument Willliams asserted that the trial court deferred ruling on the petition because it was unsure whether he currently posed a danger. The record does not support this view.

that it was required to make a ruling based on its assessment of Williams' dangerousness at the time of the November 7, 2013 hearing.[4]

DISPOSITION

The petition for writ of mandate/prohibition is granted. The Superior Court of Riverside County is directed to vacate the hearing on Williams' petition or recall of sentence currently scheduled for January 23, 2015, and to issue a new order denying his petition.

CERTIFIED FOR PUBLICATION

RAMIREZ          
P. J.

We concur:

HOLLENHORST          
J.

McKINSTER          
J.

---

[4] Williams contends that the adoption of Proposition 47 by the voters on November 4, 2014, is significant in that it added section 1170.18, which provides " 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." (§ 1170.18, subd. (c).) He contends that using this definition, the trial court could not find that he poses a danger to public safety. We disagree. Assuming that the definition applies in this case to the determination of dangerousness, the only conclusion that the trial court could reasonably reach in light of his prison record of serious and violent misconduct is that Williams posed a risk of danger to public safety.