Filed 2/1/16  P. v. Chilton CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEANNA LYNN CHILTON,<br><br>    Defendant and Appellant. | A144770<br><br>(Sonoma County<br>Super. Ct. No. SCR-647720) |

Does Penal Code[1] section 490.2, subdivision (a), enacted as part of Proposition 47, reclassify the violation of section 484e, subdivision (d) (§ 484e(d)) as a misdemeanor? Appellate courts that have considered the question are split.[2]  We conclude a violation of section 484e(d) is a misdemeanor.

_____

[1] Further statutory references are to the Penal Code.

[2] After the briefing was complete, three published cases addressed the question, and we asked the parties for supplemental briefing.  Since then, the Supreme Court has granted review in all three cases.  (*People v. Romanowski* (2015) 242 Cal.App.4th 151, review granted Jan. 20, 2016, S231405 [violation of section 484e(d) is now a misdemeanor provided offense involves property valued at less than $950]; *People v. Grayson* (2015) 241 Cal.App.4th 454, review granted Jan. 20, 2016, S231757 [Proposition 47 does not affect section 484e(d)]; *People v. Cuen* (2015) 241 Cal.App.4th 1227, review granted Jan. 20, 2016, S231107 [same].)

In addition, at least two other courts have weighed in on the issue.  (*People v. King* (2015) 242 Cal.App.4th 1312 [Proposition 47 does not affect section 484e(d)]; *People v. Thompson* (2015) 243 Cal.App.4th 413 [violation of section 484e(d) is a misdemeanor] (*Thompson*).)

1

Because the trial court in this case reached the opposite conclusion, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 12, 2014, defendant Deanna Lynn Chilton was arrested at the Graton Casino for fraudulent use of an access card. She had entered the casino and tried to retrieve money from an ATM using a fraudulent access card. When this did not work, defendant went to the cashier's cage and requested cash using a Univision MasterCard. The cashier identified the card as fraudulent after calling the service number on the card. Sheriff's deputies searched defendant's purse and found several access cards, including 18 cards that had no name on them, two cards from closed companies, and three cards that had fraudulent numbers.[3]

On July 11, 2014, the Sonoma County District Attorney filed a two-count complaint against defendant charging her with, in count 1, acquiring and retaining possession of access card account information for an access card validly issued to another person, without consent and with the intent to use it fraudulently (§ 484e(d)), and in count 2, using, with the intent to defraud and for the purpose of obtaining money, goods, services, and anything else of value, an access card and access card information that had been altered, obtained, and retained in violation of sections 484e and 484f (§ 484g, subd. (a)). As to count 2, it was further alleged the value of all money, goods, services, and other things of value did not exceed $950. Count 1 was a felony, and count 2 was a misdemeanor.

On October 20, 2014, the parties reached a plea agreement, under which defendant would plead no contest to count 1, violation of section 484e(d), and the prosecutor would agree to a disposition of three years' probation with 30 days in county jail and would not object to reducing the conviction to a misdemeanor after 18 months of successful probation. The trial court accepted defendant's plea of no contest to count 1 and set sentencing for December 17, 2014.

---

[3] Because defendant entered a plea, the facts are based on the probation officer's report.

On November 4, 2014, voters passed Proposition 47, the Safe Neighborhoods and Schools Act (Proposition 47), which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 designates certain drug and theft-related offenses that had been felonies or wobblers as misdemeanors, except in cases where the offenses were committed by certain ineligible defendants. (*Id.* at p. 1091.) As relevant to defendant's case, Proposition 47 added section 490.2, which provides, generally, "obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars . . . shall be punished as a misdemeanor." (§ 490.2, subd. (a).)

Defendant's sentencing was continued into the next year, and at a hearing on February 20, 2015, the prosecutor indicated the district attorney would move to withdraw the plea. Five days later, the district attorney filed the motion to withdraw the plea, arguing the intervening passage of Proposition 47 rendered the plea agreement unenforceable because the count to which defendant pleaded guilty was no longer a felony. The district attorney explained Proposition 47 "result[ed] in a multitude of crimes being punishable only as misdemeanors when they were previously punishable as felonies" and acknowledged "section 484e(d) is one of those crimes."

Defendant opposed the motion to withdraw the plea, arguing case law did not provide authority for the remedy sought by the district attorney. She agreed with the district attorney's position that Proposition 47 reclassified offenses under section 484e(d) as misdemeanors and argued her "current conviction should, therefore, be made a misdemeanor."

On April 1, 2015, the trial court held a hearing. At the outset, the court stated there was "a Prop 47 petition issue," and it did not believe Proposition 47 applied to defendant's conviction. Apparently, there had been previous unreported discussions in chambers during which the trial court indicated it disagreed with the parties' understanding that a violation of section 484e(d) was now a misdemeanor under Proposition 47. It is not clear from the record what the trial court meant by "Prop 47

3

petition issue" as the only motion pending was the district attorney's motion to withdraw the plea.

At the hearing, the prosecutor abandoned her original position and agreed with the trial court that Proposition 47 did not apply to defendant's conviction under 484e(d). The prosecutor stated, however, she was prepared to argue the motion to withdraw the plea if the court changed its mind and determined an offense under section 484e(d) was now a misdemeanor.

After hearing the parties' arguments, the court reaffirmed its belief Proposition 47 did not affect section 484e(d). The court ruled, "The Court is going to deny the Prop 47 petition. . . . [T]he Court does not find that it is Prop 47 eligible and would deny the Prop 47 petition that's pending."[4]

The trial court then sentenced defendant pursuant to the plea agreement. The court suspended imposition of sentence and placed defendant on formal probation for three years. Defendant filed a notice of appeal the next day.

## DISCUSSION

As a preliminary matter, we consider appellate jurisdiction and what exactly defendant is asking us to review in this appeal. In her statement of appellate jurisdiction, defendant asserts her appeal is of "[a]n order denying a petition for recall of sentence and resentencing pursuant to . . . section 1170.18." After initial review of the record, we could find no order made *after the judgment* as required for a petition under section 1170.18, and we asked the parties to address the basis for appellate jurisdiction.

In response, defendant continues to describe her appeal as relating to "the petition for recall of sentence and resentencing," but it does not appear from the record that she ever filed a petition under section 1170.18. This makes sense because Proposition 47

---

[4] Again, it is not clear what the trial court meant by "Prop 47 petition." The court may have been referring to defendant's position (and the district attorney's initial position) that her conviction under section 484e(d) was now a misdemeanor under Proposition 47. On the other hand, the Attorney General claims the court used the phrase "the Prop 47 petition" inaccurately to refer to the district attorney's motion to withdraw the plea.

4

went into effect *before* defendant was sentenced.  As a result, she was entitled to application of the law as amended by Proposition 47 at her sentencing.  There was no need for her to "petition" for postjudgment relief from the trial court.[5]

Defendant argued below that her conviction should be a misdemeanor based on Proposition 47.  The trial court rejected this argument and treated her conviction under section 484e(d) as a felony at sentencing.  Thus, contrary to defendant's characterization, this is an appeal from a judgment of conviction (that is, the order granting probation), not an appeal from an order on a postjudgment petition.  (§ 1237, subd. (a).)  Contrary to the Attorney General's position, we have appellate jurisdiction to review the judgment.  (Cal. Const., art. VI, § 11, subd. (a); § 1235, subd. (b).)[6]

Now that appellate jurisdiction is established, we turn to the main issue in this appeal, whether section 490.2, as enacted by Proposition 47, reclassified a violation of section 484e(d) as a misdemeanor.

"In interpreting a voter initiative . . . we apply the same principles that govern statutory construction.  [Citation.]  Thus, 'we turn first to the language of the statute, giving the words their ordinary meaning.'  [Citation.]  The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme.  [Citation.]  When the language is ambiguous, 'we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'  [Citation.]  If a penal statute is still reasonably susceptible to multiple constructions, then

---

**5** Indeed, there is no "petition" procedure applicable to defendant's situation.  The petition procedures of section 1170.18 are available to "[a] person currently serving a sentence for a conviction" (§ 1170.18, subd. (a)) or "[a] person who has completed his or her sentence for a conviction" (*id*., subd. (f)), not to persons, like defendant, who had not yet been sentenced when Proposition 47 went into effect.

**6** The Attorney General also argues defendant had the burden to establish eligibility for relief under section 1170.18, and she failed to meet her burden.  Because this appeal does not involve a petition under section 1170.18, this argument is without merit.

we ordinarily adopt the ' "construction which is more favorable to the offender . . . ." ' "
(*People v. Rizo* (2000) 22 Cal.4th 681, 685–686.)

Section 490.2, subdivision (a), provides, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except" in cases where the defendant has a prior disqualifying conviction.

Section 484e(d) provides, "Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of *grand theft*." (Italics added.)

The plain language of the voter initiative supports the conclusion Proposition 47 applies to violations of section 484e(d). Section 490.2, subdivision (a), expressly applies to theft crimes notwithstanding "any other provision of law defining grand theft." Thus, section 490.2, subdivision (a), is intended to reclassify all grand theft provisions as petty theft unless the value of the property taken exceeds $950. (*Thompson*, *supra*, 243 Cal.App.4th at p. ___ [2015 WL 9437524, *2].) Because section 484e(d) is a "provision of law defining grand theft," it follows that section 490.2, subdivision (a), applies to a section 484e(d).

The overall statutory scheme and voters' intent also support this conclusion. Defendant quotes the "Findings and Declarations" of Proposition 47, which provide "[t]he People enact the Safe Neighborhood and Schools Act to ensure that prison spending is focused on violent and serious offenses, maximize alternatives for nonserious, nonviolent crime, and to invest the saving generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) Further, the "[p]urpose and [i]ntent" of the Proposition 47 is, among other things, to "[r]equire misdemeanors instead of felonies for non-serious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent

6

or serious crimes." (*Id.*, § 3, p. 70.) Proposition 47 also provides the "act shall be broadly construed to accomplish its purposes" and "shall be liberally construed to effectuate its purposes." (*Id.*, §§ 15 & 18, p. 74.) The offense of acquiring or retaining access card account information with fraudulent intent where the value of the property taken does not exceed $950 is a nonserious and nonviolent theft crime. Construing section 490.2, subdivision (a), as reclassifying a violation of section 484e(d) as petty theft and a misdemeanor, therefore, serves the purposes of Proposition 47.

The Attorney General's arguments against applying Proposition 47 to section 484e(d) are not persuasive. She asserts, "Despite its title, section 484e(d) is not purely a 'theft' crime. Rather, the statute criminalizes the unauthorized acquisition or retention of access card account information with the intent to defraud; it does not require a theft, per se, or that anyone actually be defrauded or suffer a monetary loss as a result of the defendant's acts." She notes the purpose of section 484e(d) is to protect consumers. But this argument ignores the fact that section 484e(d) provides that a person who commits the offense "is guilty of grand theft." Thus, regardless of the statute's purpose and regardless of whether a violation of section 484e(d) is understood to be "purely" a theft crime or a theft, "per se," the offense is, by statutory definition, "grand theft." (*Thompson*, *supra*, 243 Cal.App.4th at p. 422 [rejecting argument that section 484e(d) "is not a pure theft crime because the essence of the violation is the 'acquisition or retention' of access card information"; "regardless of the 'essence' of section 484e[(d)], it defines a grand theft offense"].)

The Attorney General also argues section 490.2, subdivision (a), does not apply to defendant's conviction because a violation of section 484e(d) is "merely the possession of information" and does not involve "theft" of "money, labor, real or personal property." In *Thompson*, *supra*, 243 Cal.App.4th 413, the Court of Appeal addressed the question now before us and rejected a similar argument that "personal property" does not include access card account information. (See also *People v. Kozlowski* (2002) 96 Cal.App.4th 853, 869 [intangible PIN code constitutes property for purposes of kidnapping for extortion].) Writing for the majority in *Thompson*, Justice Epstein explained: "Access

7

cards and access card account information are personal property. Section 7 provides definitions for words and phrases used in the Penal Code and defines 'personal property' as 'includ[ing] money, goods, chattels, things in action, and evidences of debt.' [Citation.] This definition has been broadly interpreted. [Citation.] Additionally, Black's Law Dictionary defines 'personal property' as '[a]ny moveable or *intangible* thing that is subject to ownership and not classified as real property.' " (*Thompson*, *supra*, 243 Cal.App.4th at p. 419.) Under the Black's Law Dictionary definition, intangible access card account information falls within the definition of personal property. (*Ibid.*) And, as we have discussed, violation of section 484e(d) constitutes "grand theft."

The Attorney General's position appears to be that, even though section 490.2, subdivision (a), is intended to apply to *all* provisions of law defining grand theft, it does not apply to section 484e(d) because "grand theft" in violation of section 484e(d) is not necessarily "theft" for purposes of section 490.2, subdivision (a). This reading of the two statutes strikes us as strained and unnatural, and Proposition 47 must "be liberally construed to effectuate its purposes." (Ballot Pamp., *supra*, text of Prop. 47, § 18, p. 74.) Moreover, when a criminal statute is reasonably susceptible to more than one construction, "we ordinarily adopt the ' "construction which is more favorable to the offender." ' " (*People v. Rizo*, *supra*, 22 Cal.4th at pp. 685–686).

We also reject the argument that section 484e(d) is not affected by Proposition 47 because the more specific statutory provision relating to a particular subject controls over the more general provision. "The rule is that a ' "statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering the general spectrum . . . *unless* the later statute expressly contradicts the original act or unless that construction is absolutely necessary in order that all of the words of the later statute have any meaning at all." [Citations.]' [Citation.] Each of these exceptions applies in this case. The later statute, section 490.2, explicitly sweeps all earlier grand theft provisions into its application, reclassifying them as petty theft unless the value of the property taken exceeds $950. And the plain meaning of the statutory language, '[n]otwithstanding

8

Section 487 or any other provision of law defining grand theft,' (§ 490.2, subd. (a)) would be meaningless if it did not apply to all specific grand theft provisions. Therefore, we cannot construe section 484e, subdivision (d) as a specific provision that controls over section 490.2, subdivision (a). [Citation.]" (*Thompson*, *supra*, 243 Cal.App.4th at p. 419.)

Finally, we address the Attorney General's claim that application of section 490.2 to section 484e(d) "would be nonsensical because it is impossible to quantify the value of access card account information." Again, we find the reasoning of *Thompson* persuasive:

"The value of the access card itself is slight, only the intrinsic value of the plastic. [Citation.] The account information also has minimal intrinsic value, in that it is only valuable if used. [Citations.]

"An independent Penal Code provision, section 484g, prohibits the use of access card or access card account information with an intent to defraud and punishes such use as grand theft if the value of all money, goods, services, and other things of value acquired through use of the card or account information exceeds $950 in any six-month consecutive period. We note the apparent dissonance between sections 484e, subdivision (d) and 484g. Acquiring and retaining access card account information with an intent to defraud, before the passage of Proposition 47, was punished as grand theft, without regard to value, but using access card account information was punished as a misdemeanor, unless the value exceeded $950. . . .[7]

"We find that the value of access card account information is necessarily less than $950 because the intrinsic value of acquiring and retaining access card account information is minimal, unless used. This finding is consistent with the

---

[7] In *Thompson*, the court went on to observe, "had [the defendant] been charged under section 484g, he would have been convicted of a misdemeanor because the value of the goods he obtained with the access card did not exceed $950." (*Thompson*, *supra*, 243 Cal.App.4th at p. 423.) Here, defendant was originally charged in count 2 under section 484g for using an access card with intent to defraud, and the value of goods obtained was alleged not to exceed $950. There is no question this was a misdemeanor.

9

objectives of Proposition 47 and reconciles any dissonance between sections 484e, subdivision (d) and 484g.  Furthermore, an individual who takes an access card or access card account information and uses it to purchase property that exceeds $950 can still be punished for grand theft under section 484g." (*Thompson*, *supra*, 243 Cal.App.4th at pp. 422-423.)

Following *Thompson*, we conclude "the value of access card account information is necessarily less than $950 because the intrinsic value of acquiring and retaining access card account information is minimal, unless used." (*Thompson*, *supra*, 243 Cal.App.4th at p. 423.)  Accordingly, defendant's conviction under section 484e(d), is now a misdemeanor pursuant to section 490.2, subdivision (a).

Given our conclusion, we reverse and remand for resentencing.  In her response to our request for supplemental briefing, the Attorney General belatedly requests that, if we reverse the judgment, we remand to "to allow the People 'to withdraw from the plea and reinstate the previously-dismissed charges . . . .' "  To the extent the Attorney General requests an order of remand with particular instructions to the trial court regarding withdrawal from the plea, we decline the request.  We express no opinion on the merit of a motion to withdraw the plea should the district attorney seek to renew her motion.  (Cf. *Harris v. Superior Court* (2015) 242 Cal.App.4th 244.)

## DISPOSITION

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

_____
Miller, J.

We concur:


_____
Richman, Acting P.J.


_____
Stewart, J.


11