Filed 3/16/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C079394 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR91525) |
| v. | |
| MANUEL THOMAS VALENCIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Tehama County, C. Todd Bottke, Judge.  Reversed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Peter H. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Manuel Thomas Valencia appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code section 1170.18.[1]  He contends the court erred in finding his conviction for second degree burglary (§ 459) was ineligible for resentencing.

We agree.  Since defendant's criminal conduct in purchasing a prepaid phone with counterfeit bills could not be prosecuted as a burglary had Proposition 47 (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014)) been in effect, he is eligible for relief under section 1170.18.  We shall therefore reverse the trial court's order and remand for additional proceedings on defendant's petition.

BACKGROUND

On June 28, 2014, defendant went into an AT&T store and purchased a prepaid phone for $249.74 with counterfeit $50 bills.  When defendant was later contacted by the employee who sold him the phone, he admitted that the bills he tendered were counterfeit.

Defendant was charged with second degree burglary and forgery (§§ 459, 470, subd. (d)) along with two prior prison term allegations (§ 667.5, subd. (b)).  He pleaded guilty to second degree burglary and was sentenced to an eight-month county prison term, to be served consecutively to a nine-year term imposed in unrelated cases.

Defendant subsequently filed a section 1170.18 petition for resentencing, seeking a reduction of the second degree burglary conviction to a misdemeanor.  The trial court denied the petition, finding defendant was not eligible for relief because his criminal activity did not constitute shoplifting.

---

[1]  Undesignated statutory references are to the Penal Code.

2

DISCUSSION

Defendant contends the trial court erred in finding his burglary conviction ineligible for section 1170.18 resentencing. We agree.

The passage of Proposition 47 created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . ." under the statutory framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.)

Proposition 47 added section 459.5, which establishes the offense of shoplifting, a misdemeanor, which is defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) This crime displaces the crime of burglary for those thefts within the $950 amount specified in the statute. (§ 459.5, subd. (a).) As relevant here, burglary is defined as: entry into a "building, . . . with intent to commit grand or petit larceny or any felony . . . ." (§ 459.)

The trial court found that the term "shoplifting" in section 459.5 modified the statute's reference to the term "larceny" in defining the requisite criminal act. Since defendant's criminal conduct did not come within the common definition of shoplifting, i.e., "[t]o steal (articles or an article) from a store that is open for business" (American Heritage College Dict. (4th ed. 2007) p. 1282, col. 2), the trial court concluded that it did not constitute the crime of shoplifting, rendering him ineligible for resentencing.

3

In interpreting a voter initiative, "we apply the same principles that govern statutory construction" (*People v. Rizo* (2000) 22 Cal.4th 681, 685), and "our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure. [Citations.]" (*In re Littlefield* (1993) 5 Cal.4th 122, 130.) " 'In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose.' [Citation.] At the same time, 'we do not consider . . . statutory language in isolation.' [Citation.] Instead, we 'examine the entire substance of the statute in order to determine the scope and purpose of the provision, construing its words in context and harmonizing its various parts.' [Citation.] Moreover, we ' "read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' " ' [Citation.]" (*State Farm Mutual Automobile Ins. Co. v. Garamendi* (2004) 32 Cal.4th 1029, 1043.)

The trial court erred by allowing section 459.5's term for the offense, shoplifting, to govern the definition of the crime. While section 459.5 sets forth the new crime of shoplifting, it does not use that term to define the criminal conduct that constitutes the offense. Rather than leaving the term "shoplifting" undefined or defining it by reference to the common meaning of that term, section 459.5 gives it a more technical, legal definition as a subset of commercial burglary, entry into a commercial establishment during regular business hours with the intent to commit or committing larceny. By relying on the common meaning of the descriptive term for the crime, the trial court ignores the key operative word, larceny, which has a technical, legal definition that the trial court missed.

"The common law defined larceny as the taking and carrying away of someone else's personal property, by trespass, with the intent to permanently deprive the owner of possession. [Citation.]" (*People v. Williams* (2013) 57 Cal.4th 776, 782.) However, the

4

Legislature retreated from the common law use of the term by consolidating the formerly separate crimes of larceny, embezzlement, and theft by false pretenses into the general crime of theft. (*People v. Ashley* (1954) 42 Cal.2d 246, 258.) As part of the consolidation, the Legislature enacted section 490a, which provides: "Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor."

We presume the electorate was aware of existing law when it enacted Proposition 47 (*John L. v. Superior Court* (2004) 33 Cal.4th 158, 171; *People v. Weidert* (1985) 39 Cal.3d 836, 844) and was therefore aware of section 490a. Read in the context of section 490a, section 459.5's use of the term "larceny" demonstrates an intent to cover all forms of theft committed in a business during regular hours under the rubric of "shoplifting." We accordingly conclude that section 459.5 applies to any theft in a commercial establishment during regular business hours; whether the theft would be considered shoplifting as that term is commonly understood is irrelevant to the statute's application. By focusing exclusively on the common meaning of the term "shoplifting," the trial court ignored the statutory context of the term "larceny" and thereby misconstrued section 459.5.

A defendant is eligible for resentencing if his crime would be a misdemeanor had the proposition been in effect at the time of his criminal activity. (§ 1170.18, subd. (a).) As previously noted, a defendant must commit or intend to commit a larceny or some felony in the premises to be guilty of burglary. Defendant had two types of criminal intent in the AT&T store, an intent to commit theft by false pretenses and an intent to commit forgery. Since defendant stole less than $950, section 459.5 precludes using the theft to support a prosecution for burglary. Forgery also cannot support a burglary prosecution following Proposition 47, as forgery involving $950 or less is now a misdemeanor. (§§ 1170.18, subd. (a), 473, subd. (b).) Since defendant's criminal

5

conduct could not be prosecuted as a burglary had Proposition 47 been in effect, he is eligible for relief under section 1170.18.  We shall therefore reverse the trial court's order and remand for additional proceedings on defendant's petition.

DISPOSITION

The trial court's order finding defendant's second degree burglary conviction ineligible for relief under section 1170.18 is reversed and the matter is remanded for further proceedings on defendant's petition for resentencing.


/s/
Blease, Acting P. J.


We concur:



/s/
Butz, J.



/s/
Duarte, J.