Filed 7/29/16  P. v. Santiago CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B264145 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA099788) |
| v. | |
| SAMUEL R. SANTIAGO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven P. Sanora, Judge.  Reversed and remanded with directions.

Tyrone A. Sandoval, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Samuel R. Santiago stole his girlfriend's purse during the course of an argument in their home. He was charged with and pleaded no contest to grand theft person and was placed on formal probation for a period of three years.

In November 2014, the voters enacted Proposition 47, which among other things permits a felon serving a sentence for grand theft person to petition the court for resentencing as a misdemeanant if the value of the property taken was $950 or less. Santiago thereafter filed a petition to recall his sentence. The trial court denied the petition, reasoning Santiago was ineligible for resentencing because Proposition 47 left the definition of grand theft person intact. We reverse the order and remand the matter for further consideration of the petition.

## BACKGROUND

We obtain the facts from a 2012 police report. On the evening of October 18, 2012, Santiago engaged in an argument with his girlfriend and cohabitant Estrella Ramirez, with whom he had a one-year-old child. The argument revolved around Santiago's apparent drug addiction, as Santiago would frequently take Ramirez's purse by force and use her money to buy drugs. While Ramirez was holding her purse in one arm and their child in the other, Santiago physically wrestled the purse away from her and fled the house. Ramirez reported the purse contained items worth approximately $150, but no cash.

On January 7, 2013, Santiago pleaded no contest to grand theft person and was placed on formal probation for a period of three years on the condition that he serve 240 days in the Los Angeles County Jail. (Pen. Code, § 487, subd. (c).)[1] Section 487 defines grand theft person as theft of property "taken from the person of another," without regard to value, which was considered a "wobbler offense" (a crime that can be punished as either a misdemeanor or felony) prior to the enactment of Proposition 47. (§§ 487, subd. (c), 461.)

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which reduces certain nonserious and nonviolent crimes, such as low-level theft- and drug-related offenses, from felonies to misdemeanors. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 889-890.) A person serving a sentence for a felony that was reclassified under Proposition 47 may petition the trial court to recall the sentence and issue a new, lesser sentence unless the court determines an unreasonable risk exists that the petitioner will commit a violent felony if released from incarceration. (§ 1170.18, subds. (a), (b), (c).) Proposition 47 added section 490.2, which states that "Notwithstanding Section 487 . . . , obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft . . . ." Petty theft is punished as a misdemeanor unless the offender has been convicted of a disqualifying prior offense. (§ 490.2, subd. (a).) Proposition 47 left section 487 unchanged.

On April 1, 2015, Santiago filed a motion to recall his sentence, arguing grand theft person is now a misdemeanor under Proposition 47 when the loss at issue is less than $950, and because he had not been convicted of any disqualifying prior offense, he was eligible for resentencing. The trial court observed that section 487's definition of grand theft person remained unchanged notwithstanding Proposition 47—it continued to define grand theft person as theft of any property taken from the person of another without regard to value. Therefore, the court reasoned, any conviction for grand theft person that was a felony before Proposition 47 continued to be a felony after it. Accordingly, the court found Santiago ineligible for resentencing and denied his petition.

Santiago timely appealed.

## DISCUSSION

On appeal, Santiago contends he is eligible for resentencing as a misdemeanant under the meaning of sections 490.2 and 1170.18 because the record showed that the value of the property taken was less than $950. The people concede the point, and we agree.

3

The interpretation of a statute is subject to de novo review. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916.) We begin with the statutory language, giving words their ordinary meaning and construing the language in the context of the statute as a whole and the overall scheme in order to ascertain the intent and purpose of the statute. (*Ramos v. Superior Court* (2007) 146 Cal.App.4th 719, 727.) The court applies the same approach when interpreting a voter initiative. (*People v. Rizo* (2000) 22 Cal.4th 681, 685.)

Proposition 47 was enacted "to ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from [the act] into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment. Th[e] act ensures that sentences for people convicted of dangerous crimes like rape, murder, and child molestation are not changed." (Note, Deering's Ann. Pen. Code, § 1170.18 (2016 supp.) p. 80 (hereafter Deering's).) As noted above, Proposition 47 reduced penalties for a number of offenses, including grand theft person where the defendant takes property valued at less than $950. That offense is now petty theft, which will be punished as a misdemeanor unless the offender has suffered a prior conviction for a disqualifying offense. (§ 490.2, subd. (a).) The stated intent of the voters was to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes." (Deering's, *supra*, at p. 81.)

The record demonstrates the felony offense for which Santiago was convicted was theft of property worth less than $950. Santiago therefore satisfies the criteria set forth in subdivision (a) of section 1170.18. The trial court must therefore recall his sentence and resentence him pursuant to section 490.2 unless it determines resentencing him would pose an unreasonable risk of danger to public safety.

4

**DISPOSITION**

The order denying Santiago's motion for resentencing is reversed and the matter is remanded for reconsideration of his eligibility for resentencing.

NOT TO BE PUBLISHED.


CHANEY, Acting P. J.


We concur:



JOHNSON, J.



LUI, J.