Filed 5/6/16  P. v. Slemmer CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063156 |
| v. | (Super.Ct.No. RIF135101) |
| DANIEL HAYES SLEMMER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Reversed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Sabrina Y.

Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Daniel Hayes Slemmer appeals from the denial of his petition under Proposition 47 and Penal Code section 1170.18,[1] for resentencing of his conviction of second degree burglary (§ 459) to misdemeanor shoplifting (§ 459.5). Defendant contends he was eligible for resentencing because his offense of pawning a stolen ring with a value of less than $950 fit the definition of the shoplifting offense. We reverse.

## FACTS AND PROCEDURAL BACKGROUND

On February 22, 2007, defendant's mother reported that a $600 ring was missing from her room. It was discovered that defendant had pawned the ring for $30. A jury found defendant guilty of second degree burglary (§ 459, count 1) and petty theft (§ 488, count 2). Defendant admitted two prior strikes (§§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(A)) and six prior prison term convictions (§ 667.5, subd. (b)). The trial court struck one of the strike priors and sentenced defendant to 10 years in state prison.

On November 25 and December 10, 2014, defendant filed petitions for resentencing under Proposition 47 and section 1170.18. The trial court denied the petitions on the ground that defendant's burglary offense did not qualify for resentencing. Defendant moved for reconsideration, but the trial court denied his motion.

---

[1] All further statutory references are to the Penal Code.

## DISCUSSION

A.    *Resentencing Under Section 1170.18*

On November 4, 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, section 1170.18.  Section 1170.18 creates a process through which persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing.  (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.)  Specifically, section 1170.18, subdivision (a), provides:  "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]."

B.    *Standard of Review*

When interpreting a voter initiative, "we apply the same principles that govern statutory construction."  (*People v. Rizo* (2000) 22 Cal.4th 681, 685.)  We first look "'to the language of the statute, giving the words their ordinary meaning.'"  (*Ibid.*)  We

construe the statutory language "in the context of the statute as a whole and the overall statutory scheme." (*Ibid.*) If the language is ambiguous, we look to "'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'" (*Ibid.*)

### C. Analysis

Defendant contends that his conviction of second degree burglary (§ 459) should be reduced to misdemeanor shoplifting (§ 459.5). The People point out that Proposition 47 does not address section 459 as an offense eligible for resentencing or reclassification as a misdemeanor, and section 459 is not included in the list of offenses set forth in section 1170.18, subdivision (a), for which sentencing relief may be appropriate. Nonetheless, Proposition 47 added section 459.5, subdivisions (a) and (b), which provide: "(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor [with exceptions not here relevant]. [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

The issue before us is whether appellant would have been guilty of misdemeanor shoplifting, in violation of section 459.5, if Proposition 47 had "been in effect at the

4

time" that he entered the pawn shop. (§ 1170.18, subd. (a).) As defined by section 459.5, the offense of shoplifting requires an "intent to commit larceny." Defendant characterizes his crime as "entering an open pawn shop—a commercial establishment—with the intent to commit fraud, i.e., pawn a ring which was not his to pawn," and he asserts that such conduct is larceny as a matter of law. It was undisputed that the value of the ring was less than $950.

Under section 484, subdivision (a), "theft" is broadly defined: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property . . . is guilty of theft." More specifically, section 484.1, subdivision (a), defines conduct such as defendant's to be theft: "Any person who knowingly gives false information or provides false verification as to the person's true identity or as to the person's ownership interest in property or the person's authority to sell property in order to receive money or other valuable consideration from a pawnbroker or secondhand dealer and who receives money or other valuable consideration from the pawnbroker or secondhand dealer is guilty of theft."

The People concede that "section 490a has long defined larceny as theft"[2] and that "[i]f one presumes the voters were aware of section 490a when they passed Proposition 47 [citation], there is a strong argument that section 459.5 should be interpreted to mean that all persons who enter a store (during regular business hours) with the intent to commit *any* type of theft (of property valued at $950 or less) are now liable for misdemeanor shoplifting." The People nonetheless argue that the term "shoplifting" in section 459.5 introduces ambiguity because the term has the common meaning of encompassing "only the theft of openly displayed merchandise from commercial establishments." The People also concede that the ballot pamphlet provided no guidance to the voters to resolve the supposed ambiguity, but argue that this court should adopt the traditional narrow definition of shoplifting.

It is a well-established principle of statutory construction that the enacting body, including the voters who adopt an initiative measure, "is deemed to be aware of existing laws and judicial constructions in effect at the time legislation is enacted." (*People v. Weidert* (1985) 39 Cal.3d 836, 844.) Thus, regardless of any common definition of shoplifting, we must conclude that the voters were aware that the use of the term "larceny" in the new definition of shoplifting incorporated all forms of theft as provided in section 490a.

---

[2] Section 490a provides: "Wherever any law or statute of this state refers to or mentions larceny, . . . said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor."

Moreover, the voters' general intent behind Proposition 47 was to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70, see <http://vig.cdn.sos.ca.gov/2014/general/en/pdf/ complete-vigr1.pdf> [as of May 3, 2016].) Defendant's conviction was unquestionably nonviolent, so reducing it to a misdemeanor would serve the purposes behind Proposition 47.

We conclude that defendant was eligible for resentencing to a misdemeanor under section 459.5. He had "enter[ed] a commercial establishment [the pawn shop] with intent to commit larceny while that establishment [was] open during regular business hours," and "the value of the property taken or intended to be taken [did] not exceed" $950. (§ 459.5, subd. (a).)

## DISPOSITION

The order appealed from is reversed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
                                                                                    J.

We concur:


RAMIREZ_____
                    P. J.

HOLLENHORST_____
                    J.

7