Filed 3/15/19 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>NISAIAH J. PERRY,<br><br>　　　Defendant and Appellant. | A153649<br><br>(Solano County Super. Ct.<br>　No. FCR270999)<br><br>**ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT]** |

**BY THE COURT:**

The petition for rehearing, filed March 8, 2019, is denied. The opinion filed on March 1, 2019, is modified as follows:

1. On page 5, the second sentence in the second full paragraph (beginning with "As we will explain . . .") is changed to read:

　　　We disagree. As we will explain, Proposition 64 did not affect existing prohibitions against the possession of marijuana *in prison* or otherwise affect the operation of Penal Code section 4573.6.

2. On page 7, the fifth sentence of the first full paragraph (beginning with "Why then . . .") is changed to read:

　　　Why, then, would the electorate have intended to affect the legal status of possession of cannabis in prison?

3. On page 7, the last sentence of the first full paragraph (beginning with "While appellant's point . . .") is changed to read:

While appellant's point is that possession and use have been treated differently under state law, the fact that *possession* has been treated as the *more* culpable conduct makes it even more unreasonable to infer that Proposition 64 was meant to affect existing proscriptions against possession of cannabis in prison while expressly *not* affecting proscriptions against its use.

4. On page 11, at the end of the first sentence in the last partial paragraph, add footnote 10: " . . . Legislative attention.[10]" The footnote should read as follows:

[10] The complication, of course, arises from the fact that Penal Code sections 4573, 4573.6 and 4573.9 continue to define the in-custody offense by reference to "any controlled substance, the possession of which is prohibited by Division 10" after Proposition 64 eliminated the prohibition against possession of cannabis by adults in many situations. As a result, the literal terms of these Penal Code sections and Health and Safety Code section 11357 can be read to support the proposition that possession of a small amount of cannabis by an adult is no longer "prohibited by Division 10" as required for conviction under Penal Code section 4573.6.

Adding further complication, the provision that makes clear Proposition 64 was not intended to affect the legal status of cannabis in prison, section 11362.45, subdivision (d), might at first glance be read as excepting from the reach of Proposition 64 laws "pertaining to smoking or ingesting cannabis" in prison but *not* those "pertaining to" possession of cannabis in prison. While section 11362.45, subdivision (d), refers only to "smoking or ingesting" cannabis, other provisions expressly refer separately to *possessing* cannabis. (E.g., § 11362.45, subd. (f) [employer not required to permit or accommodate "the *use, consumption, possession*, transfer, display, transportation, sale, or growth of cannabis in the workplace . . ."]; § 11362.3 [impermissible to "*[s]moke or ingest* cannabis . . . in a public place" (*id*., subd. (a)(1)), to "*[s]moke* cannabis . . . in a location where smoking tobacco is prohibited" (*id*., subd. (a)(2)) or within 1,000 feet of a school, daycare center or youth center while children are present (*id*., subd. (a)(3)), to "*[p]ossess* an open container or open package of cannabis . . . while driving, operating or riding in the passenger seat or compartment . . . of vehicle" (*id*., subd. (a)(4)), to "*[p]ossess, smoke, or ingest* cannabis . . . in or upon the grounds of a school, day care center, or youth center while children are present" (*id*., subd. (a)(5)].) Under the maxim

2

" '*expressio unius est exclusio alterius,* where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed' " (*In re Lance W.* (1985) 37 Cal.3d 873, 888, quoting *Wildlife Alive v. Chickering* (1976) 18 Cal.3d 190, 195), the absence of specific reference to possession in section 11362.45, subdivision (d), could be seen as supporting the argument that the exception includes only smoking and ingesting cannabis.

In our view, that interpretation is unwarranted because, as we have explained, the exception refers broadly to laws "*pertaining* to smoking or ingesting" cannabis in prison, which logically includes laws prohibiting possession in prison, and the contrary interpretation would lead to the absurd result of Proposition 64 leaving intact proscriptions against *using* cannabis in prison but invalidating proscriptions against *possessing* it. Expressly including "possessing" in subdivision (d) of section 11362.45 would eliminate any possible ambiguity.

There is no change in judgment.


Dated: _____                          _____
                                                                    Kline, P.J.


3

| | |
|---|---|
| Trial Court: | Solano County Superior Court |
| Trial Judge: | Hon. Scott Kays |
| Counsel for Appellant: | Under Appointment by the Court of Appeal<br>Walter K. Pyle |
| Counsel for Respondent: | Xavier Becerra<br>Attorney General of California<br><br>Gerald A. Engler<br>Chief Assistant Attorney General<br><br>Jeffrey M. Laurence<br>Senior Assistant Attorney General<br><br>Seth K. Schalit<br>Supervising Deputy Attorney General<br><br>Arthur P. Beever<br>Deputy Attorney General |

Filed 3/1/19 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>NISAIAH J. PERRY,<br><br>      Defendant and Appellant. | A153649<br><br>(Solano County Super. Ct.<br> No. FCR270999) |

     While serving a prison sentence for another offense, appellant Nisaiah J. Perry pled no contest to a charge of possession of marijuana in prison and was sentenced to a two-year term.  He contends the trial court erred in summarily denying his petition to recall or dismiss this sentence after the passage of Proposition 64, which legalized possession of up to 25.8 grams of marijuana by adults 21 years of age and older.  We conclude that Proposition 64 did not remove possession of marijuana in prison from the reach of Penal Code section 4573.6, the statute under which appellant was convicted, and therefore affirm.

## BACKGROUND

     In 2010, appellant entered a plea of no contest to a charge of unauthorized possession of marijuana in prison.  (Pen. Code, § 4573.6, subd. (a).)  A charge of bringing drugs into a prison (Pen. Code, § 4573) and an alleged prior conviction for first degree robbery (Pen. Code, § 211) were dismissed, and appellant was sentenced to the low term of two years, consecutive to the prison term he was already serving.[1]

---

[1] According to appellant's initial petition to recall or dismiss sentence, he was convicted on September 13, 2004, on a no contest plea to violations of Penal Code

1

On November 8, 2016, the voters adopted Proposition 64, which, with certain limitations, legalized possession of "not more than 28.5 grams of cannabis" by persons 21 years of age or older. (Health & Saf. Code,[2] § 11362.1; Prop. 64, § 4.4, approved Nov. 8, 2016, eff. Nov. 9, 2016.) The new law provided that a person "serving a sentence for a conviction . . . who would not have been guilty of an offense, or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense may petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing or dismissal in accordance with Sections 11357, 11358, 11359, 11360, 11362.1, 11362.2, 113632.3, and 11362.4 as those sections have been amended or added by that act." (§ 11361.8.)

On November 15, 2016, appellant and his wife each separately wrote to the Solano County Superior Court inquiring about having appellant's conviction expunged in light of the passage of Proposition 64. Their letters were forwarded to the offices of the district attorney and public defender.

On May 4, 2017, appellant filed a petition for recall or dismissal of sentence, alleging that his Penal Code section 4573.6 offense involved only 14 grams of marijuana and was therefore eligible for expungement under Proposition 64. The trial court's May 4, 2017, order denying the petition concluded that appellant failed to state a basis for relief because "Prop. 64 did not amend Penal Code section 4573.6, which remains a felony offense."

On January 10, 2018, appellant filed another petition in the trial court, arguing that he was entitled to relief under Proposition 64 despite having been convicted of violating Penal Code section 4573.6, rather than a provision of the Health and Safety Code, and that section 11361.8 required the court to presume he was eligible for resentencing or

sections 192, subdivision (a), 211, and 212.5, subdivision (a), and sentenced to a prison term of 19 years and four months.

[2] Further statutory references will be to the Health and Safety Code unless otherwise specified.

2

dismissal. The trial court denied the petition on the basis that appellant had not cited new facts, circumstances or law to support reconsideration of its previous denial.[3]

Appellant filed a notice of appeal, and this court appointed counsel to represent him.

### DISCUSSION

Penal Code section 4573.6, subdivision (a), provides in pertinent part: "Any person who knowingly has in his or her possession in any state prison . . . any controlled substances, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code, . . . without being authorized to so possess the same by the rules of the Department of Corrections, rules of the prison . . . or by the specific authorization of the warden, superintendent, jailer, or other person in charge of the prison . . . is guilty of a felony punishable by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years."

When appellant pled no contest to violating this statute in 2010, section 11357, subdivision (b), made possession of not more than 28.5 grams of marijuana a misdemeanor. As amended by Proposition 64, section 11357 no longer defines possession of not more than 28.5 grams of marijuana by a person age 21 or older as an offense. (§11357, subd. (a).) Possession of cannabis by persons under age 21 remains an offense (§ 11357, subd. (a)(1), (2)),[4] as does possession of more than 28.5 grams of cannabis by persons over age 18 years. (§ 11357, subd. (b).)[5]

---

[3] Appellant also sought resentencing under Proposition 47, which the trial court denied. Appellant does not pursue this issue on appeal.

[4] Possession of not more than 28.5 grams of marijuana by a person under age 21 years is an infraction. (§ 11357, subd. (a)(1), (a)(2).) Such possession by a person age 18 years or older "upon the grounds of or within, any school providing instruction in kindergarten or any of grades 1 to 12, inclusive, during hours the school is open for classes or school-related programs" is a misdemeanor. (§ 11357, subd. (c).)

[5] Possession of more than 28.5 grams of marijuana by a person 18 years of age or older is a misdemeanor. (§ 11357, subd. (b)(2).)

In addition, Proposition 64 affirmatively legalized possession of not more than 28.5 grams of marijuana, by a person at least 21 years of age, by the addition of section 11362.1: "(a) Subject to Sections 11362.2, 11362.3, 11362.4, and 11362.45, but notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law, for persons 21 years of age or older to: [¶] . . . (1) Possess, process, transport, purchase, obtain, or give away to persons 21 years of age or older without any compensation whatsoever, not more than 28.5 grams of cannabis not in the form of concentrated cannabis . . . ."[6]

As indicated above, section 11361.8, subdivision (a), provides that "[a] person currently serving a sentence for a conviction, whether by trial or by open or negotiated plea, who would not have been guilty of an offense, or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense may petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing or dismissal in accordance with Sections 11357, 11358, 11359, 11360, 11362.1, 11362.2, 11362.3, and 11362.4 as those sections have been amended or added by that act."[7]

_____

[6] The statutes referred to in section 11362.1 pertain to personal cultivation of cannabis (§ 11362.2); restrictions on possession and/or smoking or ingesting cannabis in enumerated circumstances, such as in specified places when children are present, and while driving or riding in certain vehicles, as well as manufacture of concentrated cannabis (§ 11362.3); penalties for violation of provisions in sections 11362.2 and 11362.3 (§ 11362.4); and clarification that section 11362.1 "does not amend, repeal, affect, restrict, or preempt" enumerated laws and rights of employers, governmental agencies, and owners of private property (§ 11362.45), including "[l]aws pertaining to smoking or ingesting cannabis or cannabis [products] on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation." (§ 11362.45, subd. (d).)

[7] In addition to the statutes we have thus far discussed (§§ 11357, 11362.1, 11362.2, 11362.3, 11362.4), those referenced in section 11361.8 specify the punishment for unlawful planting, harvesting or processing cannabis (§ 11358), unlawful possession for sale (§ 11359) and transportation, importation, sale or gift (§ 11360).

4

Appellant argues he would not have been guilty of an offense under Penal Code section 4573.6 if Proposition 64 had been in effect at the time of his offense because, as a result of the amendments to section 11357 and addition of section 11362.1, the possession of 28.5 grams or less of cannabis is not "prohibited by Division 10 . . . of the Health and Safety Code." (Pen. Code, § 4573.6., subd. (a).)[8]

We disagree. As we will explain, Proposition 64 did not legalize the possession of marijuana *in prison* or otherwise affect the operation of Penal Code section 4573.6.

As indicated above, Proposition 64 decriminalized possession of not more than 28.5 grams of cannabis by removing the prohibition that had previously existed in section 11357 and by affirmatively stating the legality of such possession in section 11362.1. Section 11362.1, however, provides that it operates "[s]ubject to Sections 11362.2, 11362.3, 11362.4, and 11362.45." (§ 11362.1, subd. (a).) Section 11362.45 states a number of exceptions to the "rule" that Proposition 64 legalized possession of 28.5 grams of cannabis or less. Section 11362.45, subdivision (d), specifically addresses cannabis in prison, providing that section 11362.1 "does not amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] . . . [l]aws pertaining to smoking or ingesting cannabis or cannabis [products] on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation . . . ." (§ 11362.45, subd. (d).) The parties dispute whether this provision applies to "possession," as well as "smoking or ingesting" cannabis. If it does, the clear import is that while legalizing possession of the specified quantity of marijuana for the general population of the state, Proposition 64 intended to leave intact existing restrictions on possession of marijuana in correctional facilities.

" 'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also

_____

[8] We intend all references in this opinion to the possession of cannabis legalized by Proposition 64 to mean possession by persons at least 21 years of age. For ease of reading, we will not include the age qualification in every such reference.

be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) In other words, 'our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.' (*In re Littlefield* (1993) 5 Cal.4th 122, 130.)" (*People v. Briceno* (2004) 34 Cal.4th 451, 459.) "We adopt a construction 'that will effectuate the voters' intent, giv[ing] meaning to each word and phrase, and avoid absurd results." (*Santos v. Brown* (2015) 238 Cal.App.4th 398, 409, quoting *People v. Stringham* (1988) 206 Cal.App.3d 184, 196–197.)

While section 11362.45, subdivision (d), does not expressly refer to "possession," its application to possession is implied by its broad wording—"[l]aws *pertaining to* smoking or ingesting cannabis." Definitions of the term "pertain" demonstrate its wide reach: It means "to belong as an attribute, feature, or function" (<merriam-webster.com/ dictionary/pertain> [as of Feb. 28, 2019]), "to have reference or relation; relate" (<dictionary.com/browse/pertain?s=1> [as of Feb. 28, 2019]), "[b]e appropriate, related, or applicable to" (<en.oxforddictionaries.com/definition/ pertain> [as of Feb. 28, 2019]). We would be hard pressed to conclude that possession of cannabis is *unrelated* to smoking or ingesting the substance.

Appellant attempts to avoid this conclusion by challenging respondent's assertion that "[o]ne has to possess marijuana in order to smoke or ingest it." Appellant points out that possession is not necessarily an inherent aspect of smoking or ingesting marijuana. A person can smoke marijuana without possessing it, for example, by smoking a joint in the possession of another person. Caselaw has recognized that "[i]ngestion . . . at best raises only an inference of prior possession." (*People v. Palaschak* (1995) 9 Cal.4th 1236, 1241.) "[D]epending on the circumstances, mere ingestion of a drug owned or possessed by another might not involve sufficient control over the drug, or knowledge of its character, to sustain a drug possession charge." (*Ibid.*; *People v. Spann* (1986) 187 Cal.App.3d 400, 408 [" 'possession,' as used in [Penal Code section 4573.6], does not

6

mean 'use' and mere evidence of use (or being under the influence) of a proscribed substance cannot circumstantially prove its 'possession' "].)

That use of cannabis does not sufficiently prove possession to support a conviction of the latter, however, does not establish that possession is not *related* to use. In the context of possession in prison, it is particularly obvious that possession must "pertain" to smoking or ingesting. For what purpose would an inmate possess cannabis that was not meant to be smoked or ingested by anyone? The exception stated in subdivision (d) of section 11362.45 makes it clear that Proposition 64's legalization of adult cannabis use was not meant to extend to use *in prison*. Why, then, would the electorate have intended to legalize possession in prison? Appellant, in attempting to demonstrate that "use" is distinct from "possession," points to the statement in *People v. Spann, supra,* 187 Cal.App.3d at page 406, that the "history of the drug laws shows a consistently different classification and punishment of the use and possession of regulated substances, with use (or being under the influence) invariably treated as less culpable or not culpable at all." While appellant's point is that possession and use have been treated differently under state law, the fact that *possession* has been treated as the *more* culpable conduct makes it even more unreasonable to infer that Proposition 64 was meant to legalize possession of cannabis in prison while not legalizing its use.

Section 11362.45, subdivision (d), states the exception to the legalization provision of section 11362.1 in extremely broad terms: "Section 11362.1 does not amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] . . . [l]aws pertaining to smoking or ingesting cannabis or cannabis [products] on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation." (§ 11362.45, subd. (d).) It is apparent that Proposition 64, in sections 11362.1 and 11362.45, was intended to maintain the status quo with respect to the legal status of cannabis in prison.

Appellant maintains, however, that Penal Code section 4573.6 no longer applies to possession by an adult in prison of not more than 28.5 grams of cannabis because the offense is defined by reference to "controlled substances, the possession of which is

7

prohibited by Division 10," and Proposition 64, by its amendment of section 11357, eliminated the prohibition against such possession that previously existed in division 10. To appellant, the matter begins and ends with the proposition that possession of cannabis in an amount not described as an offense in section 11357 is not possession "prohibited by Division 10." Respondent, by contrast, argues that possession of cannabis remains "prohibited by Division 10" because there are circumstances in which possession is still illegal—such as possession by minors, in amounts exceeding 28.5 grams, or in specified circumstances such as on school grounds during school hours. (§ 11357.)

*People v. Fenton* (1993) 20 Cal.App.4th 965 (*Fenton*) lends support to appellant's position; respondent acknowledges this but views the case as having been wrongly decided. *Fenton* reversed a conviction for violation of Penal Code section 4573, smuggling a controlled substance (hydrocodone) into a jail, because the defendant had a physician's prescription for the substance. (*Fenton*, at p. 971.) Section 11350, subdivision (a), prohibits possession of a controlled substance "unless upon the written prescription of a physician." Penal Code section 4573 prohibits bringing into a prison or jail, without authorization, "any controlled substance, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code." Construing this language, identical to that in Penal Code section 4573.6, the *Fenton* court held that Penal Code section 4573 "imports the prohibition against possession of controlled substances not the list of controlled substances. Thus, the 'plain meaning' of the statute is that one may bring controlled substances into a penal institution if an exception contained in division 10 applies. Here, one does. Health and Safety Code section 11350 does not prohibit possession of a controlled substance with a prescription." (*Fenton*, at p. 969.)

We have no reason to disagree with the analysis in *Fenton*,[9] but it does not resolve the dispute in the present case because the situations differ significantly. In concluding

---

[9] We are not persuaded by respondent's contention that *Fenton* was called into question by *People v. Low* (2010) 49 Cal.4th 372, 388, in which the California Supreme Court stated that laws like Penal Code section 4573 are " ' "prophylactic" ' measures that

8

that the defendant in *Fenton* did not violate Penal Code section 4573 because possession of a controlled substance with a prescription is not prohibited by section 11350, the *Fenton* court simply interpreted Penal Code section 4573 as "permit[ting] controlled substances to be in penal institutions under proper circumstances." (*Fenton, supra,* 20 Cal.App.4th at p. 969.) This interpretation did not conflict with any other provision of law. Here, a conclusion that division 10 does not prohibit the possession of not more than 28.5 grams of cannabis for purposes of Penal Code section 4573.6 would make meaningless the express provision of Proposition 64 that its legalization of cannabis did not "amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] . . . [l]aws pertaining to smoking or ingesting cannabis" in penal institutions. (§ 11362.45, subd. (d).)

To the extent Proposition 64, in amending section 11357 to conform to the newly adopted section 11362.1, may have created an ambiguity with respect to cannabis in prisons, we look to the information provided to the voters in the official ballot pamphlet for Proposition 64 to resolve it. (*People v. Rizo, supra,* 22 Cal.4th at p. 685; *Santos v. Brown, supra,* 238 Cal.App.4th at p. 409.)

---

attack the ' "very presence" ' of [drugs weapons, and other contraband] in the penal system." The defendant in *Low* had been convicted of violating Penal Code section 4573 based upon methamphetamine found in his sock at the time he was booked into jail after being arrested for driving a stolen vehicle. (*Low*, at p. 375.) He argued, in essence, that he did not bring the drug into jail within the meaning of the statute because he just happened to have it in his possession when he was arrested for an unrelated reason. The comment quoted above was made in the context of rejecting the argument that the defendant could not be convicted of "knowingly" bringing a controlled substance into jail absent intent to smuggle the drugs into jail for use, sale, or other illicit purpose. (*Low*, at pp. 376, 381.) The court was addressing the need to control contraband in penal institutions, not whether a particular substance constituted contraband. In fact, *Low* cited *Fenton* in rejecting the argument that an arrestee who conceals contraband when taken into custody on another offense does not "bring" it into the jail within the meaning of Penal Code section 4573. (*Low,* at p. 383.) *Low* characterized *Fenton* as "implying [Penal Code section] 4573 would have applied to inmate returning to jail after work furlough if he had not had a doctor's prescription for the controlled substance found tucked between his toes," and did not indicate any criticism of the decision. (*Low*, at p. 383.)

9

Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act, was presented to the voters as an initiative to "Legalize[] marijuana under state law, for use by adults 21 or older." (Voter Information Guide, General Elec. (Nov. 8, 2016), p. 90 (hereafter Voter Guide).) Its stated purpose is "to establish a comprehensive system to legalize, control and regulate the cultivation, processing, manufacture, distribution, testing, and sale of nonmedical marijuana, including marijuana products, for use by adults 21 years and older, and to tax the commercial growth and retail sale of marijuana." (Voter Guide, *supra*, p. 179.) To that end, Proposition 64 added numerous statutes to the Business and Professions Code, Revenue and Tax Code and others in addition to the changes it made to the Health and Safety Code. The Voter Guide discussed the current state of the law, laws governing medical marijuana, and proposed changes, including limitations on legal use and provisions for regulation and taxation. (Voter Guide, *supra*, pp. 91-95.) The Voter Guide did not in any way address the subject of cannabis possession or use in prison. The only reference to cannabis possession or use in a prison, jail or other such institution is in the text of Proposition 64, in section 11362.45, subdivision (d), stating an exception to the legalization of possession and use authorized by section 11361.2. Thus, there is nothing in the ballot materials for Proposition 64 to suggest the voters were alerted to or aware of any potential impact of the measure on cannabis in correctional institutions, much less that the voters intended to alter existing proscriptions against the possession or use of cannabis in those institutions. The only mention of the subject is in the text of the measure itself and, as we have said, states the opposite intent in the strongest of terms.

Appellant's argument views Penal Code section 4573.6 and Health and Safety Code section 11357 in isolation from Proposition 64 as a whole, and seeks to give these statutes an effect that would be contrary to express provisions of Proposition 64 and is unsupported by any indication of voter intent. Section 11357 deals with possession of cannabis generally and says nothing about possession in prison. It was amended by Proposition 64, which simultaneously adopted sections 11362.1 and11362.45. Section 11362.45 is the sole provision in Proposition 64 that directly pertains to appellant's

possession of marijuana in prison, and it expressly provides that that the legalization of marijuana by section 11362.1 does not affect laws pertaining to cannabis in prison.

Penal Code section 4573.6, meanwhile, is not specific to cannabis: It deals with the possession in penal institutions of all controlled substances. Penal Code section 4573.6 is one of several "closely related" provisions that the California Supreme Court has said "flow from the assumption that drugs, weapons, and other contraband promote disruptive and violent acts in custody, including gang involvement in the drug trade" and therefore "are viewed as ' "prophylactic" ' measures that attack ' "the very presence" ' of such items in the penal system." (*People v. Low, supra,* 49 Cal.4th at pp. 382, 386, 388.) The need for such measures has not been altered by Proposition 64.

As this case illustrates, the definition of in-custody offenses in Penal Code section 4573.6 (as in the related Penal Code sections 4573 and 4573.9) by reference to possession prohibited by division 10 has become more complicated since Proposition 64 with respect to cannabis, a matter that might warrant Legislative attention. But it does no violence to the words of the Penal Code section 4573.6 to interpret "controlled substance, the possession of which is prohibited by Division 10," as including possession of cannabis in prison. Cannabis remains a controlled substance under division 10. Under the Health and Safety Code provisions affected by Proposition 64, all of which are part of division 10, cannabis possession is prohibited in a number of specific circumstances and its possession or use in penal institutions is excluded from the initiative's affirmative legalization provision. We decline to adopt an interpretation of these statutes, or Penal Code section 4573.6, that appears to be so at odds with the intent behind and language of Proposition 64.

For these reasons, we conclude appellant is not entitled to resentencing pursuant to section 11361.8.

## DISPOSITION

The judgment is affirmed.

11

 

 

 

 

                                                                _____

                                                               Kline, P.J.

We concur:

 

 

_____

Richman, J.

 

 

_____

Miller, J.

 

 

*People v. Perry* (A153649)

 

12

Trial Court:                          Solano County Superior Court

Trial Judge:                          Hon. Scott Kays


Counsel for Appellant:                Under Appointment by the Court of Appeal
                                      Walter K. Pyle


Counsel for Respondent:               Xavier Becerra
                                      Attorney General of California

                                      Gerald A. Engler
                                      Chief Assistant Attorney General

                                      Jeffrey M. Laurence
                                      Senior Assistant Attorney General

                                      Seth K. Schalit
                                      Supervising Deputy Attorney General

                                      Arthur P. Beever
                                      Deputy Attorney General